United States District Court
Southern District of Texas
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

DEC 1 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANK P. RENTERIA | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. **B-02-229** |
| | * | |
| UNION PACIFIC RAILROAD | * | |
| COMPANY | * | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW UNION PACIFIC RAILROAD COMPANY, Defendant in the above entitled and numbered cause, and files this its Notice of Removal of the present cause from the 357th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.      This cause was commenced in the 357th Judicial District Court, Cameron County, Texas on November 5, 2002, when Plaintiff's Original Petition was filed in Cause Number 2002-11-4434-E, naming Union Pacific Railroad Company as defendant. A copy of Plaintiff's Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal.

2.      Defendant Union Pacific Railroad Company was served with a copy of Plaintiff's Original Petition on November 20, 2002.

3.      This is a civil action for damages and injuries allegedly sustained by Plaintiff as a result of an automobile-train accident on or about April 24, 2001, in Cameron County, Texas.  Plaintiff alleges a cause of action for negligence and negligence per se against Defendant.

4.      Plaintiff alleges in Plaintiff's Original Petition that he is a resident of Hidalgo County, Texas.  It must therefore be assumed that Plaintiff is a citizen of Texas.

5.    Defendant Union Pacific Railroad Company is a corporation, duly incorporated under the laws of the State of Delaware, with its principal place of business in Omaha, Nebraska.

6.    For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship exists between the adverse parties in the present cause.

7.    Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioner to Plaintiff and his counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

8.    Defendant would further show the Court that while Plaintiff has not set forth a specific amount of damages which he is seeking in Plaintiff's Original Petition, based on the injuries and damages alleged in Plaintiff's pleadings, Plaintiff is seeking to recover from Defendant damages in excess of $75,000.

9.    This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of the date of service of Plaintiff's Original Petition upon Defendant and within one year of the initial filing of the lawsuit.

10.    Defendant hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays for removal of the above entitled and numbered cause from the 357th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
      Jaime A. Saenz  *w permission MCBetall*
Attorney-in-Charge
State Bar No. 17514859
Federal Admissions No. 7630
      R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

      Gregory W. Allen
      12555-A Gulf Freeway
      Houston, Texas 77034
      Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 12th day of December, 2002.

_____
Jaime A. Saenz  *w permission MCBetall*

RUN DATE 12/11/02
RUN TIME 4:53 PM

PAGE: 01

2002-11-004434-E

*  *  *  *  C L E R K ' S   E N T R I E S  *  *  *

UNION PACIFIC RAILROAD COMPANY

FRANK P. RENTERIA

VS

00640401
GREGORY W. ALLEN
12555-A GULF FREEWAY
HOUSTON, TEXAS                    77034 0000

(10)                                    11    05    02

NEGLIGENCE/DAMAGES

00001405
HON. JAIME A. SAENZ
P.O. BOX 2155
BROWNSVILLE TX.                   78520 0000

11/05/02  ORIGINAL PETITION FILED
11/05/02  CITATION: UNION PACIFIC RAILROAD
          COMPANY
          SERVED: 11/20/02    FILED: 12/03/02
11/05/02  JURY FEE: Pd. by GREGORY W. ALLEN
11/13/02  ORIGINAL ANSWER: UNION PACIFIC
12/11/02  ORIGINAL ANSWER: UNION PACIFIC
          RAILROAD COMPANY

IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS
_307_ JUDICIAL DISTRICT

FRANK P. RENTERIA                         §
                                          §
                                          §      CAUSE NO. 2002-11-4434-E
VS.                                       §
                                          §
UNION PACIFIC RAILROAD COMPANY            §

FILED _9:00_ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
NOV 0 5 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **FRANK P. RENTERIA** (hereinafter sometimes referred to as "Plaintiff"), complaining of **UNION PACIFIC RAILROAD COMPANY** (hereinafter sometimes referred to as "**UPR**"), Defendant, and for cause of action would respectfully show unto this Honorable Court as follows:

**I.**

Plaintiffs intend to conduct discovery under Level II, Rule 190.2 of the Texas Rules of Civil Procedure.

**II.**

Plaintiff, **FRANK P. RENTERIA** is an individual residing in Hidalgo County, Alamo Texas.

Defendant **UPR** is a corporation qualified to do business in the State of Texas and doing business in Texas at all times relevant to this lawsuit. Said Defendant may be served with process by serving its registered agent, **Merrick C. Walton, 808 Travis, Suite 620, Houston, Texas 77002.**

**III.**

The cause of action alleged herein below arose in Cameron County, Texas, in that the collision made the basis of this lawsuit occurred in Cameron County, therefore venue in Cameron County, Texas is proper.

**IV.**

On April 24, 2001, Plaintiff was a driving a 2000 White International Truck Tractor, who was westbound on Grove Park Road when the incident occurred. As Plaintiff slowed down while crossing the railroad tracks at crossing number 432657W, the **UPR** train which was northbound collided into Plaintiff's vehicle on the left side dragging the truck from the point of impact and it came to rest 511 feet north of Grove Park Rd. It was only after taking the necessary precautions of making sure the crossing was clear, that the Plaintiff crossed the railroad tracks.

At all times relevant to this lawsuit, Defendant, **UPR** was acting by and through its agents, servants and/or employees who were acting within the course and scope of their employment for the use and benefits of this Defendant. Therefore, this Defendant is liable to the Plaintiffs under the doctrine of respondeat superior.

**V.**

At the time and on the occasion in question, Defendant **UPR**, by and through its agents, servants and/or employees, was guilty of one or more acts of negligence, each of which was a separate act of negligence and a proximate cause of the losses and damages suffered by the Plaintiff, as follows:

1.    Failing to maintain its railroad crossing in a proper manner and in allowing its railroad crossing to exist in a dangerous and extra hazardous condition.

2.    Failing and neglecting to provide and maintain any signal, by mechanical device or otherwise, for the purpose of warning the general public of the approach of a train.

3.    Failing and neglecting to warn the general public of approaching trains and seeing that an unusually dangerous situation existed and having an opportunity to realize and appreciate the danger to persons using the crossing.

4.    Failing to provide drop arms or any similar type of crossing guard at the intersection where the accident made the basis of this lawsuit occurred.

5.    Failing to post adequate signs or warnings of the extra hazardous nature of the railroad crossing intersection where the accident made the basis of this lawsuit occurred.

6.    Allowing its employee to operate the train in question in a manner which represented disregard of the safe operating rules and practices.

7.    Failure of UPR's employee to observe the speed restriction on the date of the accident made the basis of this suit.

Each of such acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the incident in question and Plaintiffs' damages.

## VI.

At the time and on the occasion in question, Defendant UPR, by and through its agents, servants and/or employees, were guilty of one or more acts of negligence, each of which was a separate act of negligence and a proximate cause of the losses and damages suffered by the Plaintiff, as follows:

1.    Failing to maintain the private railroad crossing where the incident made the basis of this lawsuit occurred in a proper manner and in allowing the railroad crossing to exist in a dangerous and extra hazardous condition.

2.    Failing to act prudently when put on notice of the extra-hazardous nature of this private railway crossing.

Each of such acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the incident in question and Plaintiff's damages.

## VII.

Plaintiff would show unto this Honorable Court that the conduct of the Defendant at the time of the occurrence in question was in violation of the law of the State of Texas and constitutes, in addition to negligence, negligence per se.

## VIII.

Plaintiff further alleges that the acts and/or omissions of Defendant as described herein, were the result of these Defendant heedless and reckless disregard for the rights of Plaintiff and involved such an entire want of care so as to indicate that the negligence complained of was the result of this Defendant's conscious indifference to the rights, welfare, and safety of the public, including Plaintiff.

## IX.

As a direct and proximate result of the negligence and gross negligence of the Defendant, Plaintiff have been damaged as follows:

Plaintiff sustained an injury to his left shoulder requiring a rotator cuff repair. He also sustained broken ribs and other general injuries to his body. As a result of this accident Plaintiff has been unable to work as a truck driver from the date of accident up until the present time. Plaintiff has also lost the use of his truck and the income it generated.

Plaintiff has further suffered lost wages and a loss of earning capacity in the past and will, in all probability, continue to suffer such losses in the future.

Plaintiff **FRANK P. RENTERIA,** sues the Defendant for the above enumerated damages and for other elements of damage to which he may be entitled to receive under the common law and the laws and statutes of the State of Texas.

Plaintiff has been damaged in an amount far in excess of the minimum jurisdictional limits of this Court.

## X.

Because of the heedless and reckless disregard shown by Defendants, Plaintiff is entitled to recover exemplary damages to be set by the jury in an amount not to excess four times the actual damages.

## XI.

By reason of all of the above and foregoing, Plaintiff has been damaged in the amount set out herein below.

## XII.

By reason of all of the above and foregoing, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff FRANK P. RENTERIA, pray that Defendant, **UNITED PACIFIC RAILROAD COMPANY** be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiffs recover:

(1)    Judgment against Defendant, jointly and/or severally, for actual damages on behalf of the Plaintiff;

(2)    Judgment against Defendant, jointly and/or severally, for actual damages on behalf of the Plaintiff;

(3)    Punitive damages against Defendant, jointly and/or severally;

(4)    Pre-judgment interest and post-judgment interest at the legal rate per annum until paid in full;

(5)    Costs of court; and

(6)    Such other and further relief, both general and special, legal or equitable, to which Plaintiff may show themselves justly entitled.

Respectfully submitted,

Gregory W. Allen
Texas Bar #01033500
12555-A Gulf Freeway
Houston, Texas  77034
Telephone (281) 922-4434
Facsimile (281) 922-4899

ATTORNEY FOR PLAINTIFF
FRANK P. RENTERIA

## JURY DEMAND

Plaintiff hereby request a jury trial on the issues in this cause and submit herewith the required jury fee.

Citation f  Personal Service - NON-RESIDENT . .ICE    Lit. Seq. # 5.002.01

No. 2002-11-004434-E

THE STATE OF TEXAS    **COPY**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: UNION PACIFIC RAILROAD COMPANY
    SERVING ITS REGISTERED AGENT
    MERRICK C. WALTON
    808 TRAVIS, STE. 620
    HOUSTON, TEXAS 770020

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on NOVEMBER 05, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004434-E.

The style of the case is:

FRANK P. RENTERIA
VS.
UNION PACIFIC RAILROAD COMPANY

Said petition was filed in said court by _____GREGORY W. ALLEN_____ (Attorney for _____PLAINTIFF_____), whose address is 12555-A GULF FREEWAY HOUSTON, TEXAS  77034.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the _5th_ day of NOVEMBER , A.D. 2002.

AROLYN DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____, Deputy

R E T U R N   O F   O F   I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation. upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____ _____

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

_____

Sheriff/constable _____ County,

By _____ Deputy

## CAUSE NO. 2002-11-4434-E

| | | |
|---|---|---|
| FRANK P. RENTERIA | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| UNION PACIFIC RAILROAD | * | |
| COMPANY | * | 357th JUDICIAL DISTRICT |

### DEFENDANT UNION PACIFIC RAILROAD COMPANY'S MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW UNION PACIFIC RAILROAD COMPANY, Defendant in the above entitled and numbered cause, and, prior to filing its Original Answer and Jury Demand in this cause, files this its Motion to Transfer Venue, pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code and Rule 86 of the Texas Rules of Civil Procedure, and in support thereof would show the Court as follows:

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

DEC 11 2002

DISTRICT COURT OF ·        · ΓΕΥ·ΕΟ
                          · ΕΡUTY

### MOTION TO TRANSFER VENUE

#### I.

Defendant objects to venue in Cameron County, Texas, on the ground that said county is not a county where venue of this action is proper, and no basis exists mandating or permitting venue of the action in said county. Cameron County is not a county of proper venue because Defendant does not have a principal office in Cameron County, the cause of action did not accrue in Cameron County, and no mandatory or permissive exception authorizes the maintenance of the action against Defendant in Cameron County.

#### II.

Defendant would further show the Court that Defendant is a foreign corporation, with the principal office in Nebraska. The venue provision of Tex. Civ. Prac. & Rem. Code §15.002 states that all lawsuits shall be brought:

(1)    In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or

(2)    In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person; or

(3)    In the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4)    If (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

### III.

Defendant specifically denies that "the cause of action alleged herein below arose in Cameron County, Texas, in that the collision made the basis of this lawsuit occurred in Cameron County, therefore venue in Cameron County, Texas is proper" as alleged in Plaintiff's Original Petition. Defendant would show that, if a cause of action against it exists, which is denied, the cause of action does not exist in Cameron County. Defendant further denies that it had a principal office in Cameron County as that term is defined by Tex. Civ. Prac. & Rem. Code §15.001, at the time this action was instituted or at any time relevant to this cause of action.  Defendant also specifically denies that the events giving rise to the claims alleged in Plaintiff's Original Petition occurred in Cameron County, Texas.

### IV.

Defendant further avers that venue is proper in Harris County, Texas, in that it is the county where Defendant has a principal office in this state for purposes of venue under Texas law.

### V.

Defendant requests that this action be transferred to a district court of Harris County, Texas.

---

*DEFENDANT UNION PACIFIC RAILROAD COMPANY'S MOTION TO TRANSFER*
*VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND*                    *PAGE 2*

WHEREFORE, Defendant requests that this Court grant Defendant's motion to transfer venue and transfer such cause to Harris County, taxing costs incurred herein against Plaintiffs; and that Defendant have such other and further relief to which it may show itself justly entitled to receive.

## ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE

COMES NOW UNION PACIFIC RAILROAD COMPANY, Defendant in the above entitled and numbered cause, and, subject to and without waiving its Motion to Transfer Venue previously filed herein, files this its Original Answer and Jury Demand in response to Plaintiff's Original Petition, and in support thereof, would show the Court as follows:

### VI.

### GENERAL DENIAL

Defendant Union Pacific Railroad Company herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's pending pleading, and states that these are matters that should be proven by Plaintiff as required by law; and Defendant would require strict proof thereof.

### VII.

### AFFIRMATIVE DEFENSES

7.01   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the contributory negligence of Plaintiff in that he failed to exercise ordinary care, caution and prudence to avoid the accident. Plaintiff's acts and omissions, whether

taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

7.02   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the negligence of Plaintiff in that he failed to exercise ordinary care, caution and prudence to avoid the accident. Defendant would show that at the time of the incident in question, Frank Renteria, the driver of the vehicle in question, was negligent per se under V.T.C.A., Transportation Code §545.251 and §545.252 and other statutes. Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

7.03   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident. Defendant would show Plaintiff's alleged injuries and damages, if any, were caused solely as a result of an unavoidable accident which could have not been prevented by Defendant despite the exercise of all due care and caution by Defendant, and were not caused by any alleged defective condition and/or of any acts of omission or commission by Defendant.

7.04   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the accident in question.

7.05   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiff or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

7.06   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was injured as alleged, which is

not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

7.07  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

7.08  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that pursuant to the Federal Railroad Safety Act of 1970 (45 U.S.C. §421, et seq.) and the Federal Highway Safety Act of 1970 (23 U.S.C. §401 et seq.) and more specifically 23 U.S.C. §409 and the federal laws, rules, regulations, orders and standards enacted pursuant to these Acts, that federal law delegates to the public agency having jurisdictional authorization, and not to the railroad, the responsibility and the authority for determining the need for and the selection of railroad highway grade crossings, crossing signals, and classification of crossings.

7.09  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that pursuant to 49 U.S.C. §240, et seq. and the federal laws, rules, regulations, orders and standards enacted pursuant to this Act, that federal law sets forth and regulates the required safety requirements for the eligibility, training, testing, certification, and monitoring of all locomotive engineers.

7.10  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

7.11  For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice & Remedies Code.  In this case, Defendant alleges that the negligence of Plaintiff is fifty-

one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

7.12  For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by Plaintiff in this cause.

7.13  For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiff.

7.14  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of his alleged injuries and damages as required by law.

7.15  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages and relies on the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

7.16  For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that, with regards to any claims against Defendants for gross negligence, the legal and factual elements necessary to impute any gross negligence to Defendants do not exist.

7.17  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages for the reason that Plaintiff has failed to produce any evidence that it should be held liable for exemplary damages for the acts of its agents as set forth in *Purvis v. Prattco, Inc.*, 595 S.W.2d 103 (Tex. 1980).

7.18   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law is vague and standardless as to whether and how much to punish a defendant, and is likely to produce arbitrary and capricious results.   Therefore, any award of punitive damages should be disallowed, or declared null and void.

7.19   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

    (a)   <u>Proscription on excessive fines</u>.  U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

    (b)   <u>Requirements of Due Process</u>.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

    (c)   <u>Requirement of Equal Protection Under the Law</u>.   U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

    (d)   <u>Proscription on Ex Post Facto and Retroactive Law</u>.  U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

    (e)   Such punitive damages are penal in nature.  Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages.  Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

III.

<u>JURY DEMAND</u>

Defendant hereby requests a trial by jury and tenders the jury fee herewith.

WHEREFORE, Defendant Union Pacific Railroad Company prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found

by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

      Jaime A. Saenz
      State Bar No. 17514859
         R. Patrick Rodriguez
      State Bar No. 24002861
      1201 East Van Buren
      Post Office Box 2155
      Brownsville, Texas 78522
      (956) 542-7441
      Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Union Pacific Railroad Company's Motion to Transfer Venue, and Subject Thereto, Original Answer and Jury Demand was served upon all counsel of record, to-wit:

Gregory W. Allen
12555-A Gulf Freeway
Houston, Texas 77034
Attorneys for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Texas Rules of Civil Procedure, on this the 12th day of December, 2002.

_____
Jaime A. Saenz

## CAUSE NO. 2002-11-4434-E

| | | |
|---|---|---|
| FRANK P. RENTERIA | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| UNION PACIFIC RAILROAD | * | |
| COMPANY | * | 357th JUDICIAL DISTRICT |

### NOTICE TO THE DISTRICT CLERK
### OF FILING OF NOTICE OF REMOVAL

TO:   HONORABLE AURORA DE LA GARZA
      Cameron County District Clerk
      Cameron County Courthouse
      974 East Harrison
      Brownsville, Texas 78520

You will please take notice that Defendant Union Pacific Railroad Company has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled: <u>Frank P. Renteria v. Missouri Pacific Railroad Company,</u> originally filed in the 357th Judicial District Court of Cameron County, Texas, Cause Number 2002-11-4434-E, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 357th Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendant, through its attorney, on this the _12th_ day of December, 2002.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANK P. RENTERIA                    *
                                     *
VS.                                  *        CIVIL ACTION NO. **B-02-229,**
                                     *
UNION PACIFIC RAILROAD               *
COMPANY                              *

## INDEX OF ATTORNEYS

1.    Gregory W. Allen
      State Bar No. 01033500
      Southern District Admissions No. Unknown
      12555-A Gulf Freeway
      Houston, Texas 77034
      (281) 922-4434
      (281) 922-4899 – fax
      Attorneys for Plaintiff

2.    Jaime A. Saenz
      State Bar No. 17514859
      Southern District Admissions No. 7630
      R. Patrick Rodriguez
      State Bar No. 24002861
      Southern District Admissions No. 22949
      Rodriguez, Colvin & Chaney, L.L.P.
      1201 East Van Buren
      Post Office Box 2155
      Brownsville, Texas 78522
      (956) 542-7441
      (956) 541-2170 – fax
      Attorneys for Defendant Union Pacific Railroad Company

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANK P. RENTERIA                    *
                                     *                       B-02-229
VS.                                  *        CIVIL ACTION NO._____
                                     *
UNION PACIFIC RAILROAD               *
COMPANY                              *

## INDEX OF DOCUMENTS FILED

1.    Civil Cover Sheet

2.    Notice of Removal with following attachments:

        a.    State Court's Docket Sheet
        b.    Plaintiff's Original Petition
        c.    Citation served on Union Pacific Railroad Company
        d.    Defendant Union Pacific Railroad Company's Motion to Transfer Venue,
              and Subject Thereto, Original Answer and Jury Demand

3.    Notice to District Clerk of Filing of Notice of Removal

4.    Notice to Plaintiff of Filing of Notice of Removal

5.    Index of Attorneys

6.    Index of Documents Filed

7.    Order for Conference and Disclosure of Interested Parties

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANK P. RENTERIA                      *
                                       *              **B-02-229**
VS.                                    *      CIVIL ACTION NO. _____
                                       *
UNION PACIFIC RAILROAD                 *
COMPANY                                *

## NOTICE TO THE PLAINTIFF OF FILING
## OF NOTICE OF REMOVAL

TO:   Plaintiff, by and through his attorneys:
      Gregory W. Allen
      12555-A Gulf Freeway
      Houston, Texas 77034

      PURSUANT to Title 28 U.S.C., Section 1446(d), as amended, you are hereby

notified that on the _12th_ day of December, 2002, in the above styled and numbered

cause (being Cause Number 2002-11-4434-E in the 357th Judicial District Court of

Cameron County, Texas), UNION PACIFIC RAILROAD COMPANY filed its Notice of

Removal in the United States District Court for the Southern District of Texas,

Brownsville Division. Copies of such Notice and other papers so filed are attached

hereto.

                          Respectfully submitted,

                          RODRIGUEZ, COLVIN & CHANEY, L.L.P.

                          By: ___Jaime A. Saenz___
                              Jaime A. Saenz  M permission
                              State Bar No. 17514859        N Chotour
                              Federal Admissions No. 7630
                                  R. Patrick Rodriguez
                              State Bar No. 24002861
                              Federal Admissions No. 22949
                              1201 East Van Buren
                              Post Office Box 2155
                              Brownsville, Texas 78522
                              (956) 542-7441
                              Fax (956) 541-2170
                              ATTORNEYS FOR DEFENDANT