United States District Court
Southern District of Texas
FILED

APR 1 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FRANK P. RENTERIA | * |
| | * |
| VS. | *   CIVIL ACTION NO. B-02-229 |
| | * |
| UNION PACIFIC RAILROAD | * |
| COMPANY | * |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   Counsel for the parties attended a telephonic conference call on March 4, 2003. Appearing for the Plaintiff was Gregory W. Allen of Gregory W. Allen Attorney at Law, P.L.L.C. in Houston, Texas. Appearing for the Defendant was R. Patrick Rodriguez of Rodriguez, Colvin & Chaney in Brownsville.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   Neither Plaintiff nor Defendant knows of any related cases that are currently pending.

3. Specify the allegation of federal jurisdiction.

   Plaintiff is a citizen of Texas, Defendant is a citizen of Delaware (place of incorporation) and Nebraska (principal place of business), and this case involves an amount in controversy in excess of $75,000. Thus there is diversity jurisdiction under 28 U.S.C. § 1332.

4. Name the parties who disagree and the reasons.

   Neither Plaintiff nor Defendant disagrees.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   Neither Plaintiff nor Defendant anticipates joining any additional parties at this time.

6. List anticipated interventions.

   At the Rule 26(f) meeting, Plaintiff's counsel indicated that he anticipated that Texas Mutual Insurance Co. would intervene into this lawsuit to assert a Workers' Compensation lien. Neither Plaintiff nor Defendant anticipates any other interventions at this time.

7. Describe class-action issues.

   Neither Plaintiff nor Defendant believe that there are any class action issues involved in this case.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Both Plaintiff and Defendant have made their Rule 26(a) initial disclosures.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      Discovery will involve the exchange of written discovery, depositions of the parties, fact witnesses, and expert witnesses. The parties are agreed on the deadlines set forth in the case management plan attached hereto as Exhibit "A".

   B. When and to whom the Plaintiff anticipates it may send interrogatories,

      Plaintiff anticipates sending interrogatories to Defendant within one month of the initial pretrial conference.

   C. When and to whom the Defendant anticipates it may send interrogatories;

      Defendant anticipates sending interrogatories to Plaintiff within one month of the initial pretrial conference.

   D. Of whom and by when the Plaintiff anticipates taking oral depositions;

      Plaintiff anticipates taking oral depositions of the following:

      -- all of Plaintiff's health care providers;
      -- Defendant's engineer and any other crew members on the locomotive at the time of the collision;
      -- the reporting officer, Donny Lopez;
      -- Ivan J. Chapa, a witness;
      -- Bill Green, claims agent for Defendant.

   E. Of whom and by when the Defendant anticipates taking oral depositions;

      At this time, Defendant anticipates taking the oral depositions of the following:

      -- Plaintiff;
      -- all of Plaintiff's liability experts
      -- the reporting officer, Donny Lopez;
      -- Joseph Horn, witness, Ivan J. Chapa, witness, Richard Maine, witness, and any other witnesses identified over course of discovery;
      -- corporate representative from Diamondback Transportation, Inc.

      Defendant anticipates taking these depositions, as well as those discovered needed during the discovery process, after receipt of written discovery propounded to Plaintiff.

    F.    When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff agrees to designate his experts and provide reports by May 27, 2003.

Defendant agrees to designate responsive experts and provide reports by June 27, 2003.

    G.    List the expert depositions (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)

Plaintiff anticipates taking the depositions of his treating doctors and any experts designated by Defendant. Plaintiff anticipates completing these depositions by the close of the discovery period.

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).

Defendant anticipates deposing all of Plaintiff's designated liability experts and possibly some of Plaintiff's treating physicians by the end of the discovery period.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.

The parties are agreed on the deadlines set forth in the case management plan attached hereto as Exhibit "A".

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

Plaintiff's have propounded requests for admissions to Defendant.

Defendant has propounded depositions on written questions to:

-- the medical care providers identified in Plaintiff's Rule 26 initial disclosures;
-- Plaintiff's employer, Diamondback Transportation Inc.;
-- the Texas Workforce Compensation Commission;
-- the Texas Department of Public Safety.

12. State the date the planned discovery can reasonably be completed
The parties believe that planned discovery can reasonably be completed by August 1, 2003.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties did not engage in any formal settlement discussions at the Rule 26(f) meeting. Plaintiff's counsel was going to identify and provide to Defendant the current amount of the Workers' Compensation lien.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

Plaintiff and Defendant have agreed to mediate this matter at the appropriate time.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

Plaintiff and Defendant believe that mediation is the most suitable ADR technique. However, both parties believe that mediation would not be useful until basic discovery is completed.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Plaintiff and Defendant both agree to consent to trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

Plaintiff and Defendant state that a timely jury trial demand was made.

18. Specify the number of hours it will take to present the evidence in this case.

The parties anticipate that this case will take approximately 32 hours or 4 days to present the evidence in this case.

19. List pending motions that could be ruled on the initial pretrial and scheduling conference.

None.

20. List other motions pending.

None.

21. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    1. Gregory W. Allen
       Texas Bar # 01033500
       Fed. Id. # 6022
       Houston, Texas, 77034
       Telephone (281) 922-4434
       Facsimile (281) 922-4899
       Attorney-in-charge for Plaintiff

4

    2.    Jaime A. Saenz
attorney-in-charge
State Bar No. 17514859
Federal Admissions No. 7630
R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 – fax
Attorneys for Defendant Union Pacific Railroad

Dated:

Respectfully submitted,

By: *Jaime A. Saenz p/m RPR* (signature)
Jaime A. Saenz
attorney-in-charge
State Bar No. 17514859
Federal Admissions No. 7630
R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 – fax
Attorneys for Defendant Union Pacific Railroad

AGREED:

*Gregory Allen w/permission JPR* (signature)
Gregory W. Allen
Texas Bar # 01033500
Fed. Id. # 6022
Houston, Texas, 77034
Telephone (281) 922-4434
Facsimile (281) 922-4899
Attorney-in-charge for Plaintiff

## CERTIFICATE OF SERVICE

I, hereby certify that on this the 14th day of April, 2003, a true and correct copy of the Joint Discovery/Case Management Plan was served via U. S. Certified Mail, Return Receipt Requested and/or Facsimile upon all counsel of record, as hereinbelow noted:

Mr Gregory W Allen
Attorney At Law
12555-A Gulf Freeway
Houston Tx  77034

_____
R. Patrick Rodriguez

**EXHIBIT "A"**
**CASE MANAGEMENT PLAN**

| | |
|---|---|
| Trial | October, 2003 |
| Final Pretrial Conference | October 6, 2003 |
| Filing of Joint Pretrial Order | September 22, 2003 |
| Dispositive Motions | August 29, 2003 |
| Joinder of Parties | May 1, 2003 |
| Amendment of Pleadings | May 23, 2003 |
| Plaintiffs' Experts Designation and Reports | May 27, 2003 |
| Defendants' Experts Designation and Reports | June 27, 2003 |
| Responsive Expert Designation and Reports | July 7, 2003 |
| Discovery Completion | August 1, 2003 |