United States District Court
Southern District of Texas
FILED

AUG 2 7 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANK P. RENTERIA | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-02-229 |
| | * | |
| UNION PACIFIC RAILROAD | * | |
| COMPANY | * | |

## DEFENDANT UNION PACIFIC RAILROAD COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEFENDANT UNION PACIFIC RAILROAD COMPANY (hereinafter "Union Pacific" or "Defendant"), and pursuant to FED. R. CIV. P. 56 files this Motion for Summary Judgment, and in support thereof would respectfully show unto the Court as follows:

### I.
### UNDISPUTED FACTS

This lawsuit arises out of an April 24, 2001, collision between a westbound semi-truck and dump trailer, driven by Plaintiff Frank P. Renteria (hereinafter "Plaintiff" or "Renteria"), and a northbound Union Pacific freight train.   The accident occurred at approximately 7:15 a.m. when the Plaintiff drove the truck and trailer onto the railroad tracks at the Grove Park Road crossing in Russelltown, Texas, DOT # 432657W (hereinafter referred to as the "Grove Park Crossing"). (See Exhibit "A", T.X.D.P.S. Accident Report, at 1-2). At the time of this accident, the Grove Park Crossing was protected by two (2) reflectorized crossbucks that indicated the presence of the railroad tracks at that intersection. (See Exhibit "B", Affidavit of Douglas G. Woods, Manager of Industry and Public Projects for Union Pacific attached hereto and incorporated herein for all purposes; see also, Exhibit "C", Photographs of Crossbucks and Stop Sign; Exhibit "A", T.X.D.P.S. Accident Report, at 1-2). In addition, a red, octagonal, stop sign

was located just below the crossbucks. (See Exhibit "C", Photographs of Crossbucks and Stop Sign; see also Exhibit "A", T.X.D.P.S. Accident Report, at 1-2).

The accident occurred when Plaintiff failed to heed the approach of the northbound train, the crossbucks, and the red, octagonal, stop sign. (See Exhibit "A", T.X.D.P.S. Accident Report, at 1-2). Plaintiff also failed to stop the asphalt truck and trailer prior to the crossing. Id. Plaintiff was the only person in the truck at the time of the collision. Id. Plaintiff alleges that he suffered injury to his left shoulder, broken ribs, and other general injuries to his body as a result of the collision.

## II.
## ALLEGATIONS

In his Original Petition, Plaintiff asserted causes of action against Union Pacific for negligence, negligence per se, and gross negligence. (See Pl.'s Orig. Pet., at 2 – 3). Specifically, Plaintiff alleged that Union Pacific was negligent in:

"1)    Failing to maintain its railroad crossing in a proper manner and in allowing its railroad crossing to exist in a dangerous and extra hazardous condition.

2)    Failing and neglecting to provide and maintain any signal, by mechanical device or otherwise, for the purpose of warning the general public of the approach of a train.

3)    Failing and neglecting to warn the general public of approaching trains and seeing that an unusually dangerous situation existed and having an opportunity to realize and appreciate the danger to persons using the crossing.

4)    Failing to provide drop arms or any similar type of crossing guard at the intersection where the accident made the basis of this lawsuit occurred.

5)    Failing to post adequate signs or warnings of the extra hazardous nature of the railroad crossing intersection where the accident made the basis of this lawsuit occurred.

6)    Allowing its employee to operate the train in question in a manner which represented disregard of the safe operating rules and practices.

5.    Failure of **UPR's** [Union Pacific's] employee to observe the speed restriction on the date of the accident made the basis of this suit. . . ."

Id. Plaintiff asserted that Union Pacific was additionally negligent by both:

> a) "Failing to maintain the private railroad crossing where the incident made the basis of this lawsuit occurred in a proper manner and in allowing the railroad crossing to exist in a dangerous and extra hazardous condition. . . ." and
>
> 5. "Failing to act prudently when put on notice of the extra-hazardous nature of this private railway crossing."

Id., at 3 - 4.[1]  Based on these allegations, Plaintiff concluded that Union Pacific's actions at the time of the collision made the basis of this lawsuit amounted to gross negligence Id., at 4.

Pursuant to controlling Supreme Court case law, however, Union Pacific respectfully request that this Court grant summary judgement as to Plaintiff's claims based on both alleged inadequate warnings at the crossing in question and excessive speed, Plaintiff's claim nos. 1, 2, 3, 4, 5, 7, and letters a and b, on the grounds that federal law preempts these tort allegations.  In addition, Union Pacific respectfully submits that summary judgment is further appropriate as to all of Plaintiff's remaining allegations, on the grounds that as Plaintiff has failed to meet his burden of establishing the existence of a material dispute of fact as to these allegations.

### III.
### UNION PACIFIC IS ENTITLED TO
### SUMMARY JUDGMENT AS A MATTER OF LAW

Plaintiff must prove the existence and violation of a duty owed to him by Union Pacific to establish liability in tort.  The existence of a legal duty is a question of law for the court. Oldaker v. Lock Const. Co., 528 S.W.2d 71,77 (Tex.Civ.App.-- Amarillo 1995, writ ref'd n.r.e.).

The law in Texas is that a railroad company must provide a crossbuck at all public grade crossings.  See TEX. TRANSP. CODE ANN. § 471.002.  However, any duty on the railroads to provide automatic or mechanical warning devices at railroad crossings has been preempted and overruled by federal and/or state legislation and regulation.  The legal responsibility to determine

---

[1] For clarity and ease of reference each of Plaintiff's aforelisted claims will be referred to herein by number or letter (i.e. Plaintiff's claims no. 1 & letter b).

the need for and selection of devices at grade crossings has now been placed with the public agency with jurisdictional authority over the crossing—not the railroads. *See* Texas Manual on Uniform Traffic Devices for Streets and Highways.  Sec. 8 A-1 and 8D-1.

Since the crossing in question is located in Russelltown, Cameron County, Texas, Cameron County and the Texas Department of Transportation are the public agencies with jurisdictional authority over this crossing.  Accordingly, the State of Texas, through its State agency, has indexed all railroad crossings in the State of Texas and prioritized them for signalization or signalization upgrading.  The State of Texas, therefore, through its State agency, has made the determination of the need for, and selection of, crossing protection at the Grove Park Crossing.

Consequently, no issue of material fact exists as to Defendant Union Pacific's alleged negligence regarding the adequacy of the warning system in place at the time of the incident or the failure to install automatic gates, mechanical warning devices, or other warnings.  Union Pacific is, therefore, entitled to summary judgment as to Plaintiff's claims no.'s 1, 2, 3, 4, 5, & letters a and b, as a matter of law. (See Pl.'s Orig. Pet., at 2 – 3).

## A.
## Pursuant to Recent Supreme Court Case Law, Plaintiff's Claims 1, 2, 4, and 5 are Preempted by Federal Regulation

In a case decided on April 17, 2000, the United States Supreme Court held that a plaintiff's common law tort claim in a railroad crossing accident alleging a railroad's failure to maintain adequate warning devices at a crossing was preempted by the Federal Railroad Safety Act of 1970[2] (FRSA) because federal funds participated in the device's installation.  Norfolk Southern Ry. Co. v. Shanklin, 529 U.S. 344, 120 S.Ct. 1467, 1477 (2000).  As in the present case, the plaintiff in Shanklin, asserted that the defendant railroad was negligent for failing to

---

[2] 45 U.S.C. §421-447 (1988 ed. and Supp. II)

maintain adequate warning devices at the crossing where the accident occurred. Id. at 1472. The trial court found that the plaintiff's claims were not preempted, and the Court of Appeals for the Sixth Circuit upheld the trial court's findings. Id. at 1473. In reversing both lower courts' decisions, the United States Supreme Court held that the plaintiff's state law tort claims concerning the adequacy of the warnings at the crossing were preempted by the FRSA via the regulations promulgated by the Secretary of the Transportation through the Federal Highway Administration (FHWA). Id. at 1471.

Specifically, the Court found that the regulations in 23 C. F. R. §§ 646.214(b)(3) and (4) address the adequacy of the warning devices installed under the Federal Railway-Highway Crossing Program[3] ("FHWA"). Id. The Crossing Program makes available to states funds for "cost of construction of projects for the elimination of hazards of railway-highway crossings." Id. (citing 23 U.S.C. § 130). The Court held that if federal funds participate in a crossing improvement project, the regulations at §§ 646.214 (b)(3) and (4) determine the type of warning device that is "adequate" under federal law. Id. at 1474. Therefore, the Court concluded that "once the FHWA has funded the crossing improvement and the warning devices are actually installed and operating, the regulation 'displace[s] state and private decision making authority by establishing a federal-law requirement that certain protective devices be installed or federal approval obtained.'" Id. (citing CSX Transportation, Inc. vs. Easterwood, 507 U.S. 658, 670, 113 S.Ct 1732, 123 L. Ed. 2d 387 (1993). In sum, the Supreme Court in Shanklin held that participation of federal funding in the installation of warning devices, is, in itself, sufficient to establish preemption.

To a large extent, the Shanklin decision simply reaffirmed the core holding from the 1993 United States Supreme Court decision in CSX Transportation, Inc. v. Easterwood, 507 U.S. 658, 113 S.Ct 1732, 123 L. Ed. 2d 387 (1993). In Easterwood, the Supreme Court sought to

---

[3] See 23 U.S.C. § 130

determine the extent to which the Federal Railroad Safety Act of 1970 (FRSA), 45 U.S.C. §421-447 (1988 ed. and Supp. II), pre-empted state law negligence claims for failure to maintain adequate warning devices at crossings and for operating trains at excessive speeds.

According to 45 U.S.C. § 434, applicable federal regulations may preempt any state "law, rule, regulation, order, or standard relating to railroad safety." "Legal duties imposed on railroads by the common law fall within the scope of these broad phrases." Easterwood, 507 U.S. at 664. The Supreme Court further stated that anytime funds were used in the installation of warning devices on railroad projects, the Secretary's regulations cover the subject matter of state law which seeks to impose an independent duty on a railroad to identify and/or repair dangerous crossings. Id. at 670 – 72. In short, when there is an "actual authorized expenditure of federal funds in the installation or placement of safety devices at the particular crossing", federal law pre-empts state tort law. Hester v. CSX Transportation, 61 F.3d 382, 386 (5th Cir. 1995).

**B.**
**Federal Funds Were Used to Upgrade the**
**Warning Devices at the Crossing in Question**

The undisputed summary judgement evidence establishes that federal funds were used in upgrading the warning devices at the Grove Park Crossing prior to the date of the accident made the basis of this lawsuit. (See Exhibit "B", Affidavit of Douglas G. Woods, Manager of Industry and Public Projects for Union Pacific attached hereto and incorporated herein for all purposes).

Mr. Woods' affidavit clearly establishes that via the FHWA, federal funds were used to upgrade the warning signal devices at the Grove Park Crossing. Id. Thus, based upon the United States Supreme Court's holdings in Shanklin and Easterwood, all of Plaintiff's negligence claims against Defendant regarding the alleged inadequacy of the warning signals and devices at the Grove Park Crossing, Plaintiff's claims nos. 1, 2, 3, 4, 5 & letters a and b, are federally preempted. In addition, for the reasons set forth previously, Plaintiff's common law negligence

6

claims regarding the adequacy of the warning devices at the Grove Park Crossing are also preempted under state law. Absent the existence of material dispute of fact on this issue, Union Pacific is entitled to Summary Judgment on claims that it was negligent,, negligent per se and/or grossly negligent for failing to provide adequate warning and/or safety devices at the Grove Park Crossing.

## C.
### Federal Law and Regulations Preempt Plaintiff's Allegation that Defendant Has a Common Law Duty With Respect to Train Speed (claim 7)

Having established that the Plaintiff's common law negligence claims regarding the adequacy of the warning devices at the Grove Park Crossing are preempted pursuant to Shanklin, it remains necessary to establish that the Plaintiff's speed allegation, Plaintiff's claim no. 7, is also preempted by federal law. In addition to regulating the installation and adequacy of warning devices at railroad crossings, the Federal Railroad Administration sets speed limits for trains based on various criteria pertaining to the specific location, which preclude additional state regulation of the sort sought by Plaintiffs in this lawsuit. See 49 C.F.R. § 213.9(a). The United States Supreme Court also dealt with this issue in Easterwood. See Easterwood, 507 U.S. at 676.

In Easterwood, the Supreme Court held that federal law preempts a common law duty with respect to train speed. Id. The respondent, in Easterwood, attempted to show that even though the train was traveling below the speed limit, it still breached its common law duty to operate its train at a moderate and safe speed. Similarly, in the instant case, the Plaintiff brings a common law claim against the Defendant based upon the Defendant's failure to observe speed restrictions, (Plaintiff's claim no. 7). (See Pl.'s Orig. Pet., at 3).

The Easterwood Court found that federal law preempts state law where federal regulations "cover" the subject matter of the relevant state law. Easterwood, 507 U.S. at 664 – 65. In reaching the determination that common law claims related to speed should be preempted, the Court reasoned that the maximum allowable speeds for differently classified

tracks took into account many different factors. Specifically, the Court stated, "safety regulations adopted by the Secretary reveal that the limits were adopted only after the hazards posed by track conditions were taken into account." Id. at 674. The hazards and other issues related to the promulgation of speed limits by the Secretary of Transportation have substantially subsumed any relevant state law dealing with speed. To that end, the Court stated, "[u]nderstood in the context of the overall structure of the regulations, the speed limits must be read as not only establishing a ceiling, but also precluding additional state regulation of the sort that respondent seeks to impose on petitioner." Id. Accordingly, the Supreme Court ruled federal law appropriately pre-empts any common law claims touching upon train speed.

As in Easterwood, the track in the instant case is a Class Four track with a permissible F.R.A. maximum authorized speed of 60 miles per hour. Pursuant to Union Pacific's guidelines, however, the maximum authorized speed that a train could run in the area in question was 50 miles per hour. (See Exhibit "D" Union Pacific's Brownsville Subdivision Timetable effective 6/4/00). On the date of the collision, April 24, 2001, Union Pacific had issued a slow order reducing the maximum permissible speed limit in the area encompassing the Grove Park Crossing, to 25 m.p.h. (See Exhibit "E", Union Pacific's Track Warrant Form A effective beginning on April 23, 2001). The undisputed evidence in this case establishes that the train was operating below the maximum allowable track speed of 25 miles per hour. (See Exhibit "F", Event Recorder Data Downloaded From Union Pacific Locomotive No. UP4582). The train's event recorder illustrates that the train made the basis of this lawsuit was traveling at 24 miles per hour prior to the collision. See Id. Therefore, contrary to Plaintiff's excessive speed allegations, the competent summary judgment evidence reveals that the train was traveling below the permissible maximum speed at the time of the collision.

The holding in Easterwood is directly on point and applicable to the facts of this case as it pertains to the Plaintiffs' allegations of negligence, negligence per se, and gross negligence based

upon excessive speed. "We hold that, under the FRSA, federal regulations adopted by the Secretary of Transportation pre-empt respondent's negligence action only insofar as it asserts that petitioner's train was traveling at an excessive speed." Easterwood, 507 U.S. at 676. The facts of the instant case place the speed preemption issue squarely within the scope of the Easterwood holding. The law in this area is clear and requires a finding that the Plaintiff's claims related to excessive speed must be pre-empted.

### D.

### There Is No Evidentiary Support for Plaintiff's Allegations that Defendant's Employees Acted Negligently (claim 6)

In addition to the claims based on inadequate signalization and excessive speed, Plaintiff assert that Union Pacific train crew acted negligently in connection with this collision (See Pl.'s Orig. Pet.. at 3). Specifically, the allegations are that Union Pacific, through its employees, breached a duty by:

6)    Allowing its employee to operate the train in question in a manner which represented disregard of the safe operating rules and practices.

Id.

Upon review, however, Plaintiff has no evidence to support his negligence claims with regard to train crew's action before or during the incident in question. As previously noted, the crew was operating the train below the permissible speed limit. See Exhibit "F", Event Recorder Data Downloaded From Union Pacific Locomotive No. UP4582.. The locomotive's event recorder information additionally revealed that as it approached and entered the Grove Park Crossing, the crew was blowing the locomotive's horn to warn of the train's approach. See Id.

Thus, Plaintiff's assertion that the Defendant allowed its employees "to operate the train in question in a manner which represented disregard of the safe operating rules and practices" is unsupported by any competent summary judgment evidence. Absent any competent summary judgment evidence that the train crew in question either violated specific safety rules or practices, Plaintiff has failed to meet the burden that it *must produce sufficient evidence* to

establish the existence of every essential element of the claims on which it will bear the burden of proof at trial. Celotex, 477 U.S. at 323. Therefore, in addition to seeking summary judgment on the inadequate signalization and excessive speed claims, Union Pacific respectfully requests that this Court further grant summary judgment as to all of Plaintiff's remaining negligence-based claims.

## IV.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendant UNION PACIFIC RAILROAD COMPANY, respectfully moves this Court to grant its Motion for Summary Judgment on Plaintiff's claims of negligence, negligence per se, and/or gross negligence with respect to any and all of Plaintiff's tort allegations concerning i) the adequacy of the crossing protection at the Grove Park Crossing,, ii) the train's speed prior to and at the time of the collision, and iii) the actions of Union Pacific Railroad Company's employees, and for such other and further relief to which they may show themselves justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170


By: _____
Jaime A. Saenz
State Bar No. 17514859
Federal ID No. 7630
Attorney in Charge
R. Patrick Rodriguez
State Bar No. 24002861
Federal ID No. 22949

ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2 7ᵗʰ day of _August_____, ,2003, a true and correct copy of Union Pacific Railroad Company's Motion for Summary Judgment was sent via U. S. Certified Mail, Return Receipt Requested, U. S. Regular Mail and/or Facsimile to counsel of record as hereinbelow noted:

    Gregory W. Allen
    12555-A Gulf Freeway
    Houston, TX  77034

                                  _____
                                    R. Patrick Rodriguez

# EXHIBIT "A"

TEXAS PEACE OFFICER'S ACCIDENT REPORT  ST-3 (EH.    MAIL TO: ACCIDENT RECORDS, TEXAS DEPT OF PUBLIC SAFETY, PO BOX 4087, AUSTIN, TX 78773-0350

**PLACE WHERE ACCIDENT OCCURRED**

LOC. _____

DO NOT WRITE IN THIS SPACE    DPS. NO.

COUNTY _Cameron_    CITY OR TOWN ☐    SHOW ONLY IF INSIDE CITY LIMITS

IF ACCIDENT WAS OUTSIDE CITY LIMITS, INDICATE DISTANCE FROM NEAREST TOWN _2.6_    MILES NORTH S ☑ E W OF _San Benito_    CITY OR TOWN

LOC. _____
CODE _____
SEVERITY _____
FAT. REC. _____
DR. REC. _____

ROAD ON WHICH ACCIDENT OCCURRED _Grove Park Rd._    BLOCK NUMBER    STREET OR ROAD NAME    ROUTE NUMBER OR STREET CODE    CONSTR. ZONE ☐ YES ☒ NO    SPEED LIMIT _30_

INTERSECTING STREET OR RR X'ING NUMBER _Railroad Crossing DOT # 432657W_    BLOCK NUMBER    STREET OR ROAD NAME    ROUTE NUMBER OR STREET CODE    CONSTR. ZONE ☐ YES ☐ NO    SPEED LIMIT _____

NOT AT INTERSECTION _____ FT. _____ OF _____    MI. N S E W    SHOW MILEPOST OR NEAREST INTERSECTING NUMBERED HIGHWAY IF NONE, SHOW NEAREST INTERSECTING STREET OR REFERENCE POINT    N/A

DATE OF ACCIDENT _04 24_ 20 _01_    DAY OF WEEK _Tuesday_    HOUR _7:10_    ☑ A.M. IF EXACTLY NOON OR ☐ P.M. MIDNIGHT, SO STATE

**UNIT NO. 1 - MOTOR VEHICLE**    VEHICLE IDENT NO _2HSCNAER9YC054985_    IF BODY STYLE = VAN OR BUS, INDICATE SEATING CAPACITY _N/A_

YEAR MODEL _2000_    COLOR & MAKE _White_    MODEL _International_    BODY STYLE _Truck Tractor_    LICENSE PLATE _02_ TX _2BU-171_    YEAR STATE NUMBER

DRIVER'S NAME _Renteria   Frank   Pancho_ 2213 Block St. Mission, Tx 78572    LAST FIRST MIDDLE ADDRESS (STREET, CITY, STATE, ZIP)    PHONE NUMBER _279-8199 / 508-3032_

DRIVER'S LICENSE _Tx._ _01595559_ _A-TPX_    DOB _11 29 54_    RACE _H_    SEX _M_    OCCUPATION _Truck Driver_
STATE NUMBER CLASS/TYPE    MO DAY YEAR

SPECIMEN TAKEN (ALCOHOL/DRUG ANALYSIS) 1-BREATH 2-BLOOD 3-OTHER 4-NONE 5-REFUSED _4_    ALCOHOL/DRUG ANALYSIS RESULT _____    PEACE OFFICER, EMS DRIVER, FIRE FIGHTER ON EMERGENCY? ☐ YES ☐ NO

LESSEE OWNER ☒ _Central Ready Mix- Lyle Lynn_ _P.O Box 143 San Juan, Tx._    NAME (ALWAYS SHOW LESSEE IF LEASED, OTHERWISE SHOW OWNER)    ADDRESS (STREET, CITY, STATE, ZIP)

LIABILITY INSURANCE ☒ YES ☐ NO    _Old American County_    _DSST00000424_    VEHICLE DAMAGE RATING _9-LP-3_
INSURANCE COMPANY NAME    POLICY NUMBER

**UNIT**    MOTOR VEHICLE ☐ TRAIN ☐ PEDALCYCLIST ☐ TOWED ☒ PEDESTRIAN ☐ OTHER ☐    VEHICLE IDENT. NO. _1C4BB3883WM110756_    IF BODY STYLE = VAN OR BUS, INDICATE SEATING CAPACITY _N/A_

YEAR MODEL _1998_    COLOR & MAKE _Black Clemons_    MODEL _Semi-Trailer_    BODY STYLE _Dump_    LICENSE PLATE _02_ TX _542-20Y_    YEAR STATE NUMBER

DRIVER'S NAME _____    LAST FIRST MIDDLE ADDRESS (STREET, CITY, STATE, ZIP)    PHONE NUMBER _____

DRIVER'S LICENSE _____    DOB _____    RACE _____    SEX _____    OCCUPATION _____
STATE NUMBER CLASS/TYPE    MO DAY YEAR

SPECIMEN TAKEN (ALCOHOL/DRUG ANALYSIS) 1-BREATH 2-BLOOD 3-OTHER 4-NONE 5-REFUSED ☐    ALCOHOL/DRUG ANALYSIS RESULT _____    PEACE OFFICER, EMS DRIVER, FIRE FIGHTER ON EMERGENCY? ☐ YES ☐ NO

LESSEE OWNER ☐ _Diamond Back Transport Inc_ _P.O. Box 3479 McAllen, Tx. 78502_    NAME (ALWAYS SHOW LESSEE IF LEASED, OTHERWISE SHOW OWNER)    ADDRESS (STREET, CITY, STATE, ZIP)

LIABILITY INSURANCE ☒ YES ☐ NO    _Old American County_    _DSST00000424_    VEHICLE DAMAGE RATING _9-LP-4_
INSURANCE COMPANY NAME    POLICY NUMBER

DAMAGE TO PROPERTY OTHER THAN VEHICLES _Stop Sign and Crossbuck Sign Tx Dept. of Transportation San Benito,Tx 15'_    $ _700_
OBJECT    NAME AND ADDRESS (STREET, CITY, STATE, ZIP) OF OWNER    FEET FROM CURB    DAMAGE ESTIMATE

| LIGHT CONDITION | _2_ | WEATHER | _01_ | SURFACE CONDITION | _2_ | TYPE ROAD SURFACE | _1_ | DESCRIBE ROAD CONDITIONS (INVESTIGATOR'S OPINION) |
|---|---|---|---|---|---|---|---|---|

1-DAYLIGHT
2-DAWN
3-DARK-NOT LIGHTED
4-DARK-LIGHTED
5-DUSK

1-CLEAR/CLOUDY  6-SMOKE
2-RAINING  7-SLEETING
3-SNOWING  8-HIGH WINDS
4-FOG  9-OTHER
5-BLOWING DUST

1-DRY
2-WET
3-MUDDY
4-SNOWY/ICY
5-OTHER

1-BLACKTOP
2-CONCRETE
3-GRAVEL
4-SHELL
5-DIRT
6-OTHER

_Wet_

IN YOUR OPINION, DID THIS ACCIDENT RESULT IN AT LEAST $500.00 DAMAGE TO ANY ONE PERSON'S PROPERTY? ☒ YES ☐ NO

CHARGES FILED
NAME _Renteria Frank Pancho_    CHARGE _Fail To Yield R.O.W.- Moving Train_    CITATION NUMBER _C436497_

NAME _____    CHARGE _____    CITATION NUMBER _____

TIME NOTIFIED OF ACCIDENT _04-24-01_ _7:25_ A.M. HOW _By Radio DPS Communication_    TIME ARRIVED AT SCENE OF ACCIDENT _04-24-01_ _7:41_ A.M.
DATE    HOUR    DATE    HOUR

TYPED OR PRINTED NAME OF INVESTIGATOR _Danny Lopez_    DATE REPORT MADE _04-24-01_    IS REPORT COMPLETE ☒ YES ☐ NO

SIGNATURE OF INVESTIGATOR _Danny C. Lopez_    ID NO. _10182_    DEPARTMENT _DPS-THP_    DIST/AREA _3-C-04_

000001

| SOLICITATION (SOL) | EJEC | CODE FOR TYPE RESTRAINT USED | AIRBAG CODE | HEL. SE | CODE FOR INJURY SEVERITY | ALCOHOL/DRUG ANALYSIS (COMPLETE IF CASUALTIES NOT IN MOTOR VEHICLE) |
|---|---|---|---|---|---|---|
| INDICATES PERSON'S DESIRE TO RECEIVE CONTACT FROM PERSONS SEEKING PROFESSIONAL EMPLOYMENT AS/FOR AN ATTORNEY, CHIROPRACTOR, PHYSICIAN, SURGEON, PRIVATE INVESTIGATOR, OR ANY OTHER PERSON REGISTERED OR LICENSED BY A HEALTH CARE REGULATORY AGENCY    Y=O X TO SOLICIT N=NO SOLICITATION | A=NOT APPLICABLE Y=YES N=NO P=PARTIALLY U=UNKNOWN | A=SEATBELT & SHOULDER STRAP B=SEATBELT & NO SHOULDER STRAP C=CHILD RESTRAINT E=SHOULDER STRAP ONLY N=NONE | Y=DEPLOYED N=NO DEPLOYMENT U=UNKNOWN IF DEPLOYED | 1-WORN DAMAGED 2-WORN-NOT DAMAGED 3-WORN-UNK IF DAMAGED 4-NOT WORN 5-UNKNOWN IF WORN | X-KILLED A-INCAPACITATING INJURY B-NON INCAPACITATING C-POSSIBLE INJURY N-NOT INJURED | 1-BREATH 2-BLOOD 3-OTHER 4-NONE 5-REFUSED |

| UNIT NO 1 | | TOWED DUE TO DAMAGE | VEHICLE REMOVED TO _Ballenger Construction Yard,_ |
|---|---|---|---|
| DAMAGE RATING | _9-LP-3_ | ☒ YES ☐ NO | BY _Lupes Wrecker Brownsville, Tx. 78520   (956) 831-4188_ |

| ITEM NO | OCCUPANT'S POSITION | COMPLETE ALL DATA ON ALL OCCUPANTS' NAMES, POSITIONS, RESTRAINTS USED, ETC., HOWEVER, IT IS NOT NECESSARY TO SHOW ADDRESSES UNLESS KILLED OR INJURED NAME (LAST NAME FIRST)      ADDRESS (STREET, CITY, STATE, ZIP) | SOL | EJECTED | TYPE RESTRAINT USED | AIRBAG | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DRIVER | SEE FRONT    _2213 Brock St  Mission, Tx 78572_ | N | N | A | N | — | 47 | M | C |
| 2 | | | | | | | | | | |
| 3 | | | | | | | | | | |
| 4 | | | | | | | | | | |
| 5 | | | | | | | | | | |

| UNIT NO 1 (COMPLETE ONLY IF UNIT NO 2 WAS A MOTOR VEHICLE) | TOWED DUE TO DAMAGE | VEHICLE REMOVED TO _____ |
|---|---|---|
| DAMAGE RATING | ☐ YES ☐ NO | BY _____ |

| ITEM NO | OCCUPANT'S POSITION | COMPLETE ALL DATA ON ALL OCCUPANTS' NAMES, POSITIONS, RESTRAINTS USED, ETC.; HOWEVER, IT IS NOT NECESSARY TO SHOW ADDRESSES UNLESS KILLED OR INJURED NAME (LAST NAME FIRST)      ADDRESS (STREET, CITY, STATE, ZIP) | SOL | EJECTED | TYPE RESTRAINT USED | AIRBAG | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DRIVER | SEE FRONT | | | | | | | | |
| 2 | | | | | | | | | | |
| 3 | | | | | | | | | | |
| 4 | | | | | | | | | | |
| 5 | | | | | | | | | | |

**COMPLETE IF CASUALTIES NOT IN MOTOR VEHICLE**

| PEDESTRIAN, PEDALCYCLIST ETC | CASUALTY NAME (LAST NAME FIRST) | CASUALTY ADDRESS (STREET, CITY, STATE, ZIP) | SOL | TYPE SPECIMEN TAKEN | RESULT | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| DISPOSITION OF KILLED AND/OR INJURED | | | IF AMBULANCE USED, SHOW | | |
|---|---|---|---|---|---|
| ITEM NUMBERS | TAKEN TO | BY | TIME NOTIFIED | TIME ARRIVED AT SCENE | NO ATTENDANTS INCLUDING DRIVER |
| _1_ | _Valley Baptist Medical Center_ | _Ems_ | _7:15_ | _7:22_ | _2_ |

**COMPLETE THIS SECTION IF PERSON KILLED**

| ITEM NUMBER | DATE OF DEATH | TIME OF DEATH | ITEM NUMBER | DATE OF DEATH | TIME OF DEATH | ITEM NUMBER | DATE OF DEATH | TIME OF DEATH |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**INVESTIGATOR'S NARRATIVE OPINION OF WHAT HAPPENED (ATTACH ADDITIONAL SHEETS IF NECESSARY)**

_Unit #1 was traveling west on Grove Park Rd. Unit #2 (Train) was traveling north on railroad approching railroad crossing #DOT 432657W. Unit #1 failed to stop for the train and proceeded to cross the railroad crossing. Unit #2 (Train) struck Unit #1 on its left side with its front. Unit #1 was drag from impact point and came to rest 511 feet North of Grove Park Rd._

DIAGRAM ☐ ONE WAY ☒ TWO WAY ☐ DIVIDED

**FACTORS AND CONDITIONS LISTED ARE THE INVESTIGATOR'S OPINION**

| FACTORS/CONDITIONS CONTRIBUTING | | | OTHER FACTORS/CONDITIONS MAY OR MAY NOT HAVE CONTRIBUTED | | | TRAFFIC CONTROL | |
|---|---|---|---|---|---|---|---|
| UNIT 1 | 1 _35_  2 _31_  3 | | UNIT 1 | 1    2 | | 0-NO CONTROL OR INOPERATIVE  5-TURN MARKS  10-NO PASSING ZONE | _3_ |
| UNIT 2 | 1    2    3 | | UNIT 2 | 1    2 | | 1-OFFICER OR FLAGMAN  6-WARNING SIGN  11-OTHER CONTROL | |
| | | | | | | 2-STOP AND GO SIGNAL  7-RR GATES OR SIGNALS | |
| | | | | | | 3-STOP SIGN  8-YIELD SIGN | |
| | | | | | | 4-FLASHING RED LIGHT  9-CENTER STRIPE OR DIVIDER | |

1 ANIMAL ON ROAD - DOMESTIC
2 ANIMAL ON ROAD - WILD
3 BACKED WITHOUT SAFETY
4 CHANGED LANE WHEN UNSAFE
5 DEFECTIVE OR NO HEADLAMPS
6 DEFECTIVE OR NO STOP LAMPS
7 DEFECTIVE OR NO TAIL LAMPS
8 DEFECTIVE OR NO TURN SIGNAL LAMPS
9 DEFECTIVE OR NO TRAILER BRAKES
10 DEFECTIVE OR NO VEHICLE BRAKES
11 DEFECTIVE STEERING MECHANISM
12 DEFECTIVE OR SLICK TIRES
13 DEFECTIVE TRAILER HITCH
14 DISREGARD IN TRAFFIC LANE
15 DISREGARD STOP AND GO SIGNAL
16 DISREGARD STOP SIGN OR LIGHT
17 DISREGARD TURN MARKS AT INTERSECTION
18 DISREGARD WARNING SIGN AT CONSTRUCTION
19 DISTRACTION IN VEHICLE
20 DRIVER INATTENTION
21 DROVE WITHOUT HEADLIGHTS
22 FAILED TO CONTROL SPEED
23 FAILED TO DRIVE IN SINGLE LANE
24 FAILED TO GIVE HALF OF ROADWAY
25 FAILED TO HEED WARNING SIGN
26 FAILED TO PASS TO LEFT SAFELY
27 FAILED TO PASS TO RIGHT SAFELY
28 FAILED TO SIGNAL OR GAVE WRONG SIGNAL
29 FAILED TO STOP AT PROPER PLACE
30 FAILED TO STOP FOR SCHOOL BUS
31 FAILED TO STOP FOR TRAIN
32 FAILED TO YIELD ROW - EMERGENCY VEHICLE
33 FAILED TO YIELD ROW - OPEN INTERSECTION
34 FAILED TO YIELD ROW - PRIVATE DRIVE
35 FAILED TO YIELD ROW - STOP SIGN
36 FAILED TO YIELD ROW - TO PEDESTRIAN
37 FAILED TO YIELD ROW - TURNING LEFT
38 FAILED TO YIELD ROW - TURN ON RED
39 FAILED TO YIELD ROW - YIELD SIGN
40 FATIGUED OR ASLEEP
41 FAULTY EVASIVE ACTION
42 FIRE IN VEHICLE
43 FLEEING OR EVADING POLICE
44 FOLLOWED TOO CLOSELY
45 HAD BEEN DRINKING
46 HANDICAPPED DRIVER (EXPLAIN IN NARRATIVE)
47 ILL (EXPLAIN IN NARRATIVE)
48 IMPAIRED VISIBILITY (EXPLAIN IN NARRATIVE)
49 IMPROPER START FROM PARKED POSITION
50 LOAD NOT SECURED
51 OPENED DOOR INTO TRAFFIC LANE
52 OVERSIZE VEHICLE OR LOAD
53 OVERTAKE AND PASS INSUFFICIENT CLEARANCE
54 PARKED AND FAILED TO SET BRAKES
55 PARKED IN TRAFFIC LANE
56 PARKED WITHOUT LIGHTS
57 PASSED IN NO PASSING ZONE
58 PASSED ON RIGHT SHOULDER
59 PEDESTRIAN FAILED TO YIELD ROW TO VEHICLE
60 SPEEDING - UNSAFE (UNDER LIMIT)
61 SPEEDING - OVER LIMIT
62 TAKING MEDICATION (EXPLAIN IN NARRATIVE)
63 TURNED IMPROPERLY - CUT CORNER ON LEFT
64 TURNED IMPROPERLY - WIDE RIGHT
65 TURNED IMPROPERLY - WRONG LANE
66 TURNED WHEN UNSAFE
67 UNDER INFLUENCE - ALCOHOL
68 UNDER INFLUENCE - DRUG
69 WRONG SIDE - APPROACH OR IN INTERSECTION
70 WRONG SIDE - NOT PASSING
71 WRONG WAY - ONE WAY ROAD
72 DRIVER INATTENTION (CELL/MOBILE PHONE USE)
73 ROAD RAGE
74 OTHER FACTOR (WRITE ON LINE BELOW)

000002

| SOLICITATION (SOL) | EJEC. | CODE FOR TYPE RESTRAINT USED | AIRBAG CODE | HEL· JSE | CODE FOR INJURY SEVERITY | ALCOHOL/DRUG ANALYSIS (COMPLETE IF CASUALTIES NOT IN MOTOR VEHICLE) |
|---|---|---|---|---|---|---|
| INDICATES PERSON'S DESIRE TO RECEIVE CONTACT FROM PERSONS SEEKING PROFESSIONAL EMPLOYMENT AS/FOR AN ATTORNEY, CHI-ROPRACTOR, PHYSICIAN, SURGEON, PRIVATE INVESTIGATOR, OR ANY OTHER PERSON REGISTERED OR LICENSED BY A HEALTH CARE REGULATORY AGENCY   Y=0 X TO SOLICIT X=NO SOLICITATION | A=NOT APPLICABLE Y=YES N=NO P=PARTIALLY U=UNKNOWN | A=SEATBELT & SHOULDER STRAP B=SEATBELT & NO SHOULDER STRAP C=CHILD RESTRAINT E=SHOULDER STRAP ONLY N=NONE | Y=DEPLOYED N=NO DEPLOYMENT U=UNKNOWN IF DEPLOYED | 1=WORN-DAMAGED 2=WORN-NOT DAMAGED 3=WORN-UNK IF DAMAGED 4=NOT WORN 9=UNKNOWN IF WORN | K=KILLED A=INCAPACITATING INJURY B=NON INCAPACITATING C=POSSIBLE INJURY N=NOT INJURED | 1=BREATH 2=BLOOD 3=OTHER 4=NONE 5=REFUSED |

---

| UNIT NO 1 | TOWED DUE TO DAMAGE | VEHICLE REMOVED TO _____ |
|---|---|---|
| DAMAGE RATING _____ | ☐ YES  ☐ NO | BY _____ |

| ITEM NO | OCCUPANT'S POSITION | COMPLETE ALL DATA ON ALL OCCUPANTS' NAMES, POSITIONS, RESTRAINTS USED, ETC.; HOWEVER, IT IS NOT NECESSARY TO SHOW ADDRESSES UNLESS KILLED OR INJURED<br>NAME (LAST NAME FIRST)          ADDRESS (STREET, CITY, STATE, ZIP) | SOL | EJECTED | TYPE RESTRAINT USED | AIRBAG | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|---|
|  | DRIVER | SEE FRONT |  |  |  |  |  |  |  |  |
| 2 |  |  |  |  |  |  |  |  |  |  |
| 3 |  |  |  |  |  |  |  |  |  |  |
| 4 |  |  |  |  |  |  |  |  |  |  |
| 5 |  |  |  |  |  |  |  |  |  |  |

---

| UNIT NO 2 (COMPLETE ONLY IF UNIT NO 2 WAS A MOTOR VEHICLE) | TOWED DUE TO DAMAGE | VEHICLE REMOVED TO ___ PRIVATE RAILROAD ___ |
|---|---|---|
| DAMAGE RATING  NONE | ☐ YES  ☒ NO | ___ UNION PACIFIC ___ |

| ITEM NO | OCCUPANT'S POSITION | COMPLETE ALL DATA ON ALL OCCUPANTS' NAMES, POSITIONS, RESTRAINTS USED, ETC., HOWEVER, IT IS NOT NECESSARY TO SHOW ADDRESSES UNLESS KILLED OR INJURED<br>NAME (LAST NAME FIRST)          ADDRESS (STREET, CITY, STATE, ZIP) | SOL | EJECTED | TYPE RESTRAINT USED | AIRBAG | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|---|
|  | DRIVER | SEE FRONT | N | N | N | N | — | 55 | M | C |
| 7 | RF | SIMPSON, JOHN HENDLEY | 6717 EVERHART #3300 CORPUS CHRISTI TX | N | N | N | N | — | 46 | M | C |
| 8 |  |  |  |  |  |  |  |  |  |  |
| 9 |  |  |  |  |  |  |  |  |  |  |
| 10 |  |  |  |  |  |  |  |  |  |  |

---

**COMPLETE IF CASUALTIES NOT IN MOTOR VEHICLE**

| PEDESTRIAN, PEDALCYCLIST ETC. | CASUALTY NAME (LAST NAME FIRST) | CASUALTY ADDRESS (STREET, CITY, STATE, ZIP) | SOL | TYPE SPECIMEN TAKEN | RESULT | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |

---

**DISPOSITION OF KILLED AND/OR INJURED** | **IF AMBULANCE USED, SHOW**

| ITEM NUMBERS | TAKEN TO | BY | TIME NOTIFIED | TIME ARRIVED AT SCENE | NO ATTENDANTS INCLUDING DRIVER |
|---|---|---|---|---|---|
| 6,7 | VALLEY BAPTIST MEDICAL CENTER | EMS | 7:15 | 7:22 | 2 |

---

**COMPLETE THIS SECTION IF PERSON KILLED**

| ITEM NUMBER | DATE OF DEATH | TIME OF DEATH | ITEM NUMBER | DATE OF DEATH | TIME OF DEATH | ITEM NUMBER | DATE OF DEATH | TIME OF DEATH |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |

---

**INVESTIGATOR'S NARRATIVE OPINION OF WHAT HAPPENED (ATTACH ADDITIONAL SHEETS IF NECESSARY)**

DIAGRAM  ☐ ONE WAY  ☐ TWO WAY  ☐ DIVIDED

↑ INDICATE NORTH

SEE PAGE 1 OF 1

---

**FACTORS AND CONDITIONS LISTED ARE THE INVESTIGATOR'S OPINION**

| FACTORS/CONDITIONS CONTRIBUTING | OTHER FACTORS/CONDITIONS MAY OR MAY NOT HAVE CONTRIBUTED |
|---|---|
| UNIT 1 | 1 | 2 | 3 | UNIT 1 | 1 | 2 |
| UNIT 2 | 1 | 2 | 3 | UNIT 2 | 1 | 2 |

**TRAFFIC CONTROL**

0-NO CONTROL OR INOPERATIVE   5-TURN MARKS   10-NO PASSING ZONE
1-OFFICER OR FLAGMAN   6-WARNING SIGN   11-OTHER CONTROL
2-STOP AND GO SIGNAL   7-RR GATES OR SIGNALS
3-STOP SIGN   8-YIELD SIGN
4-FLASHING RED LIGHT   9-CENTER STRIPE OR DIVIDER

1 ANIMAL ON ROAD  DOMESTIC
2 ANIMAL ON ROAD  WILD
3 BACKED WITHOUT SAFETY
4 CHANGED LANE WHEN UNSAFE
5 DEFECTIVE OR NO HEADLAMPS
6 DEFECTIVE OR NO STOP LAMPS
7 DEFECTIVE OR NO TAIL LAMPS
8 DEFECTIVE OR NO TURN SIGNAL LAMPS
9 DEFECTIVE OR NO VEHICLE BRAKES
10 DEFECTIVE OR NO TRAILER BRAKES
11 DEFECTIVE STEERING MECHANISM
12 DEFECTIVE OR SLICK TIRES
13 DEFECTIVE TRAILER HITCH
14 DISABLED IN TRAFFIC LANE
15 DISREGARD STOP AND GO SIGNAL
16 DISREGARD STOP SIGN OR LIGHT
17 DISREGARD TURN MARKS AT INTERSECTION
18 DISREGARD WARNING SIGN AT CONSTRUCTION

19 DISTRACTION IN VEHICLE
20 DRIVER INATTENTION
21 DROVE WITHOUT HEADLIGHTS
22 FAILED TO CONTROL SPEED
23 FAILED TO DRIVE IN SINGLE LANE
24 FAILED TO GIVE HALF OF ROADWAY
25 FAILED TO HEED WARNING SIGN
26 FAILED TO PASS TO LEFT SAFELY
27 FAILED TO PASS TO RIGHT SAFELY
28 FAILED TO SIGNAL OR GAVE WRONG SIGNAL
29 FAILED TO STOP AT PROPER PLACE
30 FAILED TO STOP FOR SCHOOL BUS
31 FAILED TO STOP FOR TRAIN
32 FAILED TO YIELD ROW - EMERGENCY VEHICLE
33 FAILED TO YIELD ROW - OPEN INTERSECTION
34 FAILED TO YIELD ROW  PRIVATE DRIVE
35 FAILED TO YIELD ROW  STOP SIGN
36 FAILED   ROW  TO PEDESTRIAN

37 FAILED TO YIELD ROW - TURNING LEFT
38 FAILED TO YIELD ROW - TURN ON RED
39 FAILED TO YIELD ROW - YIELD SIGN
40 FATIGUED OR ASLEEP
41 FAULTY EVASIVE ACTION
42 FIRE IN VEHICLE
43 FLEEING OR EVADING POLICE
44 FOLLOWED TOO CLOSELY
45 HAD BEEN DRINKING
46 HANDICAPPED DRIVER (EXPLAIN IN NARRATIVE)
47 ILL (EXPLAIN IN NARRATIVE)
48 IMPAIRED VISIBILITY (EXPLAIN IN NARRATIVE)
49 IMPROPER START FROM PARKED POSITION
50 LOAD NOT SECURED
51 OPENED DOOR INTO TRAFFIC LANE
52 OVERSIZE VEHICLE OR LOAD
53 OVERTAKE AND PASS INSUFFICIENT CLEARANCE
54 PARKED AND FAILED TO SET BRAKES
55 PARKED IN TRAFFIC LANE

56 PARKED WITHOUT LIGHTS
57 PASSED IN NO PASSING ZONE
58 PASSED ON RIGHT SHOULDER
59 PEDESTRIAN FAILED TO YIELD ROW TO VEHICLE
60 SPEEDING  UNSAFE (UNDER LIMIT)
61 SPEEDING  OVER LIMIT
62 TAKING MEDICATION (EXPLAIN IN NARRATIVE)
63 TURNED IMPROPERLY  CUT CORNER ON LEFT
64 TURNED IMPROPERLY  WIDE RIGHT
65 TURNED IMPROPERLY  WRONG LANE
66 TURNED WHEN UNSAFE
67 UNDER INFLUENCE  ALCOHOL
68 UNDER INFLUENCE  DRUG
69 WRONG SIDE  APPROACH OR IN INTERSECTION
70 WRONG SIDE  NOT PASSING
71 WRONG WAY  ONE WAY ROAD
72 DRIVER INATTENTION - (CELL/MOBILE PHONE USE)
73 ROAD RAGE
74 OTHER FACTOR (WRITE ON LINE BELOW)

TEXAS PEACE OFFICER'S ACCIDENT REPORT  ST-3 (Eff

MAIL TO: ACCIDENT RECORDS, TEXAS DEP     T OF PUBLIC SAFETY, PO BOX 4087, AUSTIN, TX 78773-0350

**PLACE WHERE ACCIDENT OCCURRED**

LOC.

COUNTY _CAMERON_                                CITY OR TOWN _____

IF ACCIDENT WAS OUTSIDE CITY LIMITS, INDICATE DISTANCE FROM NEAREST TOWN _8.6_ MILES NORTH ☐ S ☑ E ☐ W ☐ OF    SHOW ONLY IF INSIDE CITY LIMITS  _SAN BENITO_  CITY OR TOWN

DO NOT WRITE IN THIS SPACE

DPS NO.

LOC. _____
CODE _____
SEVERITY _____
FAT. REC. _____
DR. REC. _____

ROAD ON WHICH ACCIDENT OCCURRED _Grove Park Rd._   BLOCK NUMBER   STREET OR ROAD NAME   ROUTE NUMBER OR STREET CODE    CONSTR. ZONE ☐ YES ☑ NO   SPEED LIMIT _30_

INTERSECTING STREET OR RR X'ING NUMBER _Railroad Crossing DOT # 432657W_   BLOCK NUMBER   STREET OR ROAD NAME   ROUTE NUMBER OR STREET CODE    CONSTR. ZONE ☐ YES ☐ NO   SPEED LIMIT _____

NOT AT INTERSECTION _____ ☐ FT. ☐ MI. N S E W OF _____   SHOW MILEPOST OR NEAREST INTERSECTING NUMBERED HIGHWAY IF NONE, SHOW NEAREST INTERSECTING STREET OR REFERENCE POINT   _N/A_

DATE OF ACCIDENT _4-24_  20 _01_  DAY OF WEEK _Tuesday_  HOUR _7:10_  ☐ A.M.  IF EXACTLY NOON OR ☐ P.M.  MIDNIGHT, SO STATE

**UNIT NO. 1 - MOTOR VEHICLE**    VEHICLE IDENT. NO. _____   IF BODY STYLE IS VAN OR BUS, INDICATE SEATING CAPACITY _____

YEAR MODEL _____  COLOR & MAKE _____  MODEL NAME _____  BODY STYLE _____  LICENSE PLATE _____ YEAR STATE NUMBER

DRIVER'S NAME _____ LAST FIRST MIDDLE   ADDRESS (STREET, CITY, STATE, ZIP)   PHONE NUMBER _____

DRIVER'S LICENSE _____ STATE NUMBER CLASS/TYPE   DOB _____ MO DAY YEAR   RACE _____ SEX _____ OCCUPATION _____

SPECIMEN TAKEN (ALCOHOL/DRUG ANALYSIS) 1-BREATH 2-BLOOD 3-OTHER 4-NONE 5-REFUSED ☐   ALCOHOL/DRUG ANALYSIS RESULT _____   PEACE OFFICER, EMS DRIVER, FIRE FIGHTER ON EMERGENCY? ☐ YES ☐ NO

LESSEE OWNER ☐ _____ NAME (ALWAYS SHOW LESSEE IF LEASED, OTHERWISE SHOW OWNER)   ADDRESS (STREET, CITY, STATE, ZIP)

LIABILITY INSURANCE ☐ YES ☐ NO _____ INSURANCE COMPANY NAME   POLICY NUMBER   VEHICLE DAMAGE RATING _____

**UNIT NO. 2 -** MOTOR VEHICLE ☐ TOWED ☐ TRAIN ☐ PEDESTRIAN ☑ PEDALCYCLIST ☐ OTHER ☐   VEHICLE IDENT. NO _UP 4582_   IF BODY STYLE IS VAN OR BUS, INDICATE SEATING CAPACITY ___

YEAR MODEL _2001_  COLOR & MAKE _Black & Yellow_  MODEL NAME _SD70M_  BODY STYLE _Train Locomotive_  LICENSE PLATE _- N/A -_ YEAR STATE NUMBER

DRIVER'S NAME _Greenwood  Woodrow_  LAST FIRST MIDDLE  _205 S Pasadena Dr Kingsville, Tx_  PHONE NUMBER _361-592-3201_

DRIVER'S LICENSE _Train Engineer_ LAST NUMBER CLASS/TYPE   DOB _02 26 46_ MO DAY YEAR   RACE _A_ SEX _M_ OCCUPATION _Train Engineer_

SPECIMEN TAKEN (ALCOHOL/DRUG ANALYSIS) 1-BREATH 2-BLOOD 3-OTHER 4-NONE 5-REFUSED _4_   ALCOHOL/DRUG ANALYSIS RESULT _____   PEACE OFFICER, EMS DRIVER, FIRE FIGHTER ON EMERGENCY? ☐ YES ☐ NO

LESSEE OWNER ☒ _Union Pacific Rail Road Company_ NAME (ALWAYS SHOW LESSEE IF LEASED, OTHERWISE SHOW OWNER)  _600 E. Fronton  Brownsville, Texas 78520_  ADDRESS (STREET, CITY, STATE, ZIP)

LIABILITY INSURANCE ☒ YES ☐ NO _Self-Insured_ INSURANCE COMPANY NAME   POLICY NUMBER   VEHICLE DAMAGE RATING _NONE_

**DAMAGE TO PROPERTY OTHER THAN VEHICLES**

OBJECT _____   NAME AND ADDRESS (STREET, CITY, STATE, ZIP) OF OWNER _____   FEET FROM CURB _____   $ _____ DAMAGE ESTIMATE

LIGHT CONDITION _2_
1-DAYLIGHT
2-DAWN
3-DARK-NOT LIGHTED
4-DARK-LIGHTED
5-DUSK

WEATHER _01_
1-CLEAR/CLOUDY  6-SMOKE
2-RAINING  7-SLEETING
3-SNOWING  8-HIGH WINDS
4-FOG  9-OTHER
5-BLOWING DUST

SURFACE CONDITION _2_
1-DRY
2-WET
3-MUDDY
4-SNOWY/ICY
5-OTHER

TYPE ROAD SURFACE _1_
1-BLACKTOP
2-CONCRETE
3-GRAVEL
4-SHELL
5-DIRT
6-OTHER

DESCRIBE ROAD CONDITIONS (INVESTIGATOR'S OPINION)
_Wet_

IN YOUR OPINION, DID THIS ACCIDENT RESULT IN AT LEAST $500.00 DAMAGE TO ANY ONE PERSON'S PROPERTY? ☒ YES ☐ NO

**CHARGES FILED**

NAME _____   CHARGE _____   CITATION NUMBER _____

NAME _____   CHARGE _____   CITATION NUMBER _____

TIME NOTIFIED OF ACCIDENT _4-24-01_ DATE  _7:25 A_ M HOUR  HOW _DPS Comm._   TIME ARRIVED AT SCENE OF ACCIDENT _4-24-01_ DATE  _7:41_ M HOUR

TYPED OR PRINTED NAME OF INVESTIGATOR _Denny Lopez_   DATE REPORT MADE _05-04-01_   IS REPORT COMPLETE ☒ YES ☐ NO

SIGNATURE OF INVESTIGATOR _Denny Lopez_   ID NO. _10166_   DEPARTMENT _DPS THP_   DIST/AREA _3604_

000003

## ACCIDENT INFORMATION

① COUNTY _Cameron_    ② CITY OR TOWN —

LOC NO _____

DO NOT WRITE IN
THIS SPACE

③ ROAD ON WHICH ACCIDENT OCCURRED _Grove Park Road & Railroad Crossing DOT 432657N_
BLOCK NO.    STREET OR ROAD NAME    ROUTE NUMBER

MCS NO. _____

④ DATE OF ACCIDENT _04-24-2001_  ⑤ DAY OF WEEK _Tue_  ⑥ HOUR _7:20_  ☒AM ☐PM (IF EXACTLY NOON OR MIDNIGHT, SO STATE)

## DRIVER INFORMATION

⑦ NAME _Renteria_   _Frank_   _Pancho_    ⑧ DRIVER'S LICENSE _TX_   _01595559_
LAST    FIRST    MIDDLE    STATE    NUMBER

⑨ DRIVER'S LICENSE CLASS/TYPE _A_  ⑩ RESTRICTIONS _NONE_  ⑪ ENDORSEMENTS _TPX_  ⑫ DRIVER'S DOB _11-29-54_
COL ☑ YES ☐ NO    MONTH DAY YEAR

## CARRIER INFORMATION

⑬ ☐ VEHICLE OPERATION ☐ INTERSTATE COMMERCE ☒ INTRASTATE COMMERCE    ⑭ NAME SOURCE    SHIPPING PAPERS ☐ DRIVER ☐

⑮ CARRIER'S CORPORATE NAME _Diamond Back Transport Inc._    LOG BOOK ☐ SIDE OF VEHICLE ☐ OTHER ☒

⑯ CARRIER'S PRIMARY ADDRESS _P.O. Box 3479_  _304 W Railroad_  _San Juan_  _TX._  _78589_
NUMBER    STREET    CITY    STATE    ZIP

⑰ CARRIER ID TYPE: ☐ ICC ☒ DOT ☐ RRC ☐ OTHER _____ ☐ NONE    ⑱ CARRIER ID NO _TX DOT 55359363_

## MOTOR VEHICLE INFORMATION

| MOTOR VEHICLE INFORMATION | | | | |
|---|---|---|---|---|
| ⑲ UNIT NUMBER ON ST-3 _1_ | ⑳ LICENSE PLATE _02_ _TX._ _2BU-171_<br>YEAR STATE NUMBER<br>㉑ GROSS VEHICLE WEIGHT RATING ☒<br>REGISTERED GROSS VEHICLE WEIGHT ☐ _16,800_ | ㉒ TOTAL NUMBER OF AXLES _5_ | ㉓ TOTAL NUMBER OF TIRES _18_ | ㉔ AIR BRAKES ☒ YES ☐ NO |

㉕ VEHICLE TYPE **2**

1-TRUCK
2-TRUCK TRACTOR
3-VAN
4-BUS
5-AUTOMOBILE
6-OTHER ____

㉖ CARGO BODY STYLE **2**

1-VAN/ENCLOSED BOX  5-SPECIALIZED
2-DUMP  6-CEMENT MIXER
3-CARGO TANK  7-FLATBED
4-GARBAGE/REFUSE  8-NA (ie. TRUCK TRACTOR, AUTO OR BUS)
9-OTHER ____

㉗ HAZARDOUS MATERIALS ☐ YES
TRANSPORTING HAZARDOUS MATERIALS ☒ NO
1. CLASS _____ ID No. ____
2. CLASS _____ ID No. ____
3. CLASS _____ ID No. ____
HAZARDOUS MATERIALS RELEASED
☐ YES ☒ NO

㉘ VEHICLE USE **9**

1-FARM  6-TRANSPORT PERSONAL PROPERTY
2-MILITARY  7-TRANSPORT SICK OR INJURED
3-RECREATIONAL  OR HUMAN CORPSES
4-FIREFIGHTER  8-PRIVATE TRANSPORTATION OF
5-SCHOOL BUS  PASSENGERS
9-OTHER ____

㉙ CARGO TYPE **8**

1-GENERAL FREIGHT  8-ROCK, DIRT, SAND, GRAVEL, ETC.
2-GAS IN BULK  9-MACHINERY
3-LIQUIDS IN BULK  10-CONSTRUCTION MATERIAL
4-SOLIDS IN BULK  11-DAIRY PRODUCTS
5-PRODUCE  12-OTHER (SPECIFY) ____
6-AGRICULTURAL PRODUCTS  13-EMPTY
7-LIVESTOCK  14-NOT APPLICABLE (UNIT NOT EQUIPPED FOR CARGO)

㉚ _N/A_ IF THIS VEHICLE TYPE IS A BUS, SHOW THE NUMBER OF PASSENGERS THE BUS IS EQUIPPED TO CARRY (INCLUDING THE DRIVER)

㉛ _1_ SHOW THE NUMBER OF TRAILER(S) /SEMI-TRAILER(S) THIS MOTOR VEHICLE IS TOWING. COMPLETE TRAILER INFORMATION BELOW AS APPLICABLE

## TRAILER NUMBER 1 INFORMATION

㉜ LICENSE PLATE _02_ _TX._ _542-204_
YEAR STATE NUMBER

㉝ GROSS VEHICLE WEIGHT RATING ☒
REGISTERED GROSS VEHICLE WEIGHT ☐ _63,200_

�34 TRAILER TYPE **2**
1-FULL TRAILER
2-SEMI-TRAILER
3-POLE TRAILER

�35 HAZARDOUS MATERIALS ☐ YES
TRANSPORTING HAZARDOUS MATERIALS ☒ NO
1 CLASS _____ ID NO ____
2 CLASS _____ ID NO ____
3 CLASS _____ ID NO ____
HAZARDOUS MATERIALS RELEASED ☐ YES ☒ NO

�36 TRAILER CARGO BODY STYLE **2**
1-VAN/ENCLOSED BOX  5-SPECIALIZED
2-DUMP  6-FLATBED
3-CARGO TANK  7-AUTO-TRANSPORT
4-LIVESTOCK  8-OTHER ____

�37 CARGO TYPE **8**
1-GENERAL FREIGHT  6-AGRICULTURAL PRODUCTS  11-DAIRY PRODUCTS
2-GAS IN BULK  7-LIVESTOCK  12-OTHER(Specify) ____
3-LIQUID IN BULK  8-ROCK,DIRT,SAND,GRAVEL,ETC.  13-EMPTY
4-SOLIDS IN BULK  9-MACHINERY  14-NOT APPLICABLE (UNIT NOT
5-PRODUCE  10-CONSTRUCTION MATERIAL  EQUIPPED FOR CARGO)

## TRAILER NUMBER 2 INFORMATION

�38 LICENSE PLATE
YEAR STATE NUMBER

�39 GROSS VEHICLE WEIGHT RATING ☐
REGISTERED GROSS VEHICLE WEIGHT ☐

㊵ TRAILER TYPE
1-FULL TRAILER
2-SEMI-TRAILER
3-POLE TRAILER

㊶ HAZARDOUS MATERIALS ☐ YES
TRANSPORTING HAZARDOUS MATERIALS ☐ NO
1. CLASS _____ ID NO. ____
2. CLASS _____ ID NO. ____
3. CLASS _____ ID NO. ____
HAZARDOUS MATERIALS RELEASED ☐ YES ☐ NO

㊷ TRAILER CARGO BODY STYLE
1-VAN/ENCLOSED BOX  5-SPECIALIZED
2-DUMP  6-FLATBED
3-CARGO TANK  7-AUTO-TRANSPORT
4-LIVESTOCK  8-OTHER ____

㊸ CARGO TYPE
1-GENERAL FREIGHT  6-AGRICULTURAL PRODUCTS  11-DAIRY PRODUCTS
2-GAS IN BULK  7-LIVESTOCK  12-OTHER(Specify) ____
3-LIQUID IN BULK  8-ROCK,DIRT,SAND,GRAVEL,ETC.  13-EMPTY
4-SOLIDS IN BULK  9-MACHINERY  14-NOT APPLICABLE (UNIT NOT
5-PRODUCE  10-CONSTRUCTION MATERIAL  EQUIPPED FOR CARGO)

㊹ SIGNATURE _Danny Lopez_    _DPS-TxP_
PERSON COMPLETING SUPPLEMENT    DEPARTMENT

DATE THIS SUPPLEMENT MADE _05-04-01_

000005

# GENERAL

A separate commercial supplement is to be completed on **each** commercial motor vehicle involved in a motor vehicle accident. This supplement(s) must be attached to the basic peace officer's accident report. A commercial motor vehicle for supplemental reporting is defined as

1  Any motor vehicle or towed vehicle with a Gross Vehicle Weight Rating (GVWR) or a Registered Gross Vehicle Weight (RGVW), whichever is greater, of 10,001 lbs. or more, or any combination of vehicles where the Gross Combined Weight Rating (GCWR) or the total RGVW of the combination is 10,001 lbs. or more

   1 1  GVWR and RGVW are both defined as the weight of the fully equipped vehicle plus its net carrying capacity. The GCWR is the combined weight rating of a motor vehicle and a towed unit(s). On occasion, the GVWR and the RGVW will differ. In those situations, the greater weight value will be used to determine if this form must be completed

   1 2  The GVWR of a motor vehicle normally can be found on an information plate on the driver's door or door post. The GVWR of a trailer normally can be found on an information plate near the front left portion of the trailer. If the vehicle does not have an information plate or it is illegible, use RGVW. For combination or token trailers, see 1 6 below

   1 3  On vehicles registered in Texas the RGVW is shown on the registration receipt under "gross weight". Commercial motor vehicles are required to carry the registration receipt

   1 4  In the event the registration receipt is not available, RGVW can normally be obtained by a **complete** registration check. Exception: If the vehicle has exempt license plates (i e owned by a government entity) no RGVW will be shown. In those instances, GVWR must be used

   1 5  If GVWR is used to determine the need to complete this supplement, GVWR for the motor vehicle and each trailer(s) must be obtained and shown in the appropriate blank(s)

   1 6  If RGVW is used to determine the need to complete this supplement, the RGVW should be obtained for each motor vehicle and trailer in the combination unless the combination is registered as a **combination/token** vehicle or as an **apportioned** vehicle. In those situations the license plates will indicate combination/token or apportioned. If the vehicle is registered as a combination/token or apportioned vehicle, the entire registered gross weight will be shown on the power unit and the trailer will not carry a RGVW. In those instances, show the RGVW of the combination in the power unit and show zero (0) on the trailer(s)

   1 7  RGVW for out-of-state vehicles and trailer(s) may be obtained from registration receipts issued by the licensing state, temporary permits, cab cards or other documents or as in 1 4 above

2  Any bus which shall include every motor vehicle with a seating capacity of more than fifteen (15) passengers (**including the driver**) and used for the transportation of persons. The seating capacity of a bus (excluding school buses) shall be determined by allowing one (1) passenger for each sixteen (16) inches of seat space. The seating capacity of a school bus shall be determined by allowing one (1) passenger for each thirteen (13) inches of seat space

3  Any motor vehicle hauling hazardous materials which is required to be placarded under the Hazardous Materials Transportation Act

## INSTRUCTIONS FOR COMPLETION OF FORM ST-3C

Detailed instructions for completion of this supplement are included in the Instructions to Police for Reporting Accidents.

**ACCIDENT INFORMATION (Items 1-6)**

Complete the information in this section exactly as shown on the basic report (ST-3)

**DRIVER INFORMATION (Items 7-12)**

Complete items 7, 8, 9 and 12 exactly as shown on the basic report (ST-3). If the license is restricted or carries an endorsement(s), show the restriction(s) and endorsement(s) in item 10 and item 11, as applicable

**CARRIER INFORMATION (Items 13-18)**

Indicate whether the operation of the commercial motor vehicle at the time of this accident is defined as an interstate or intrastate operation. An interstate operation is one where the transportation of the property originated in one state or country and passed through or terminated in another state or country. An intrastate operation is one where the transportation of the property did not cross a state or international boundary. The bill of lading origin and destination information may be one source available to make this determination. Check the appropriate box in item 13. Carrier ID Name Source. Check appropriate box in item 14

Indicate the Carrier's corporate name and primary business address in items 15 and 16. The Carrier is defined as the entity responsible for the operation of the vehicle at the time of the accident. This may be the actual owner of the vehicle or the lessee. This information should match the Owner/Lessee shown on the ST-3

Show the type of carrier identification by checking the appropriate box in item 17. Show the ID number in item 18, if applicable

**MOTOR VEHICLE INFORMATION (Items 19-31)**

Enter the unit number from the ST-3 for this motor vehicle in item 19. Show the registration year, state and number in item 20. Enter the GVWR or RGVW as applicable in item 21. Indicate which, GVWR or RGVW, by checking the appropriate box

Indicate total number of Axles (vehicle and trailers) in item 22

Indicate total number of Tires (vehicle and trailers) in actual contact with the road surface in item 23

Indicate if vehicle was equipped with Air Brakes in item 24

Indicate the appropriate number in the box for Vehicle Type in item 25

Indicate the appropriate number in the box for Cargo Body Style in item 26

Indicate by checking the appropriate box in item 27 whether this vehicle is hauling hazardous material(s). If yes, enter the class and ID nos of the hazardous material(s) being transported. Indicate by checking the appropriate box whether hazardous materials were released (spilled, discharged, etc). The class and ID nos should be obtained from the bill of lading or shipping papers. If unavailable, the class and ID nos may be taken from the placard. The class may be located in the lower corner of the diamond shaped placard. The ID nos may be located on the placard or on an orange label near the placard. (**REFER TO DETAILED INSTRUCTIONS**).

Indicate the appropriate number in the box for Vehicle Use in item 28

Indicate the appropriate number in the box for Cargo Type in item 29

If this motor vehicle is a bus, show in box (item 30) the number of passengers (**including the driver**) the bus is equipped to carry. If not a bus, leave blank

Indicate the number of trailer(s)/semi-trailer(s) being towed by this motor vehicle in box (item 31). If none, show zero

**TRAILER NUMBER 1 & 2 INFORMATION (Items 32-43)**

If the commercial motor vehicle reported on this supplement is towing one trailer, complete trailer number 1 section only. If towing 2 trailers, complete both trailer number 1 and 2 sections

Indicate the registration year, state and number in item 32 and if applicable item 38. Show the GVWR or RGVW in item 33 and, if applicable, item 39. Indicate which, GVWR or RGVW by checking the appropriate box

Indicate the appropriate number in the box for Trailer Type (item 34, and if applicable, item 40)

Indicate by checking the appropriate line in item 35, and if applicable, item 41, whether the trailer(s) is hauling hazardous materials. If yes, enter the class and ID nos (up to three) of the hazardous material(s) being transported. The class and ID nos can be located on the bill of lading. If no bill of lading, the class can be located on the lower corner of the Hazardous Material Placard and the ID nos can be located on the placard or on an orange label located near the placard

Indicate the appropriate number in the box for Trailer Cargo Body Style, item 36, and if applicable, item 42

Indicate the appropriate number in the box for Cargo Type, item 37, and if applicable, item 43

The person completing this supplement should sign, show department and the date this supplement was prepared item 44

000006

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

FRANK P. RENTERIA
    PLAINTIFF,

V.

UNION PACIFIC RAILROAD
COMPANY
    DEFENDANTS

CIVIL ACTION NUMBER B-02-229

## CERTIFICATION

**RE:** **Frank P. Renteria**
Deposition on Written Questions to the Custodian of RECORDS for:

TEXAS DEPARTMENT OF PUBLIC SAFETY
1630 N. 77 Sunshine Strip
Harlingen, Texas 78550

The witness was duly sworn and the transcript attached is a true record of the testimony given by the witness. The deposition was conducted, signed by the witness, and returned on _03103103_. Changes made by the witness, if any, in the transcript are attached or incorporated hereto. The original deposition transcript, together with copies of all exhibits, were provided to the attorney or party who asked the first question appearing in the transcript on _03119103_ for safekeeping and use at trial in a manner specified by Rule 203 of the Texas Rules of Civil Procedure. The charges for preparation of the completed deposition transcript and any copies of the exhibits are to be paid for by the attorney, R. Patrick Rodriguez, Esq. and total $ _120.60_.

I hereby certify that a true and correct copy of the foregoing instrument was delivered to the following via certified mail, return receipt requested, hand delivery or via telefax on this the _19_ day of _March_, 2003, pursuant to Rule 21a of the Texas Rules of Civil Procedure.

Gregory W. Allen, Esq.
LAW OFFICE OF GREGORY W. ALLEN
12555-A Gulf Freeway
Houston, Texas 77034

Jaime A. Saenz, Esq.
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, Texas 78522

R. Patrick Rodriguez, Esq.
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520-

Subscribed and sworn to before me on this the ___19th___ day of __March__, 2003.

_____
Notary Public, State of Texas

(Note: THIS IS NOT AN INVOICE)

GLORIA HERNANDEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 02-12-2007

3169/R03020289

Records Pertaining to:  **Frank P. Renteria**

Records From:  **TEXAS DEPARTMENT OF PUBLIC SAFETY RECORDS**

Cause No.:  **B-02-229; *FRANK P. RENTERIA v. UNION PACIFIC RAILROAD COMPANY***

Deliver to:  **R. Patrick Rodriguez, Esq.**
**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**
**1201 E. Van Buren**
**Brownsville, Texas  78520-**

*Litigation Support Services Include:*

- *Courthouse Filings, Research, Retrieval & Copying*
- *Coordination of Document Productions & Express Delivery to Multiple Parties*
- *Document  Numbering & Indexing*
- *Scanning onto Diskette*
- *File Duplication Including Indices, Tabs, Labels, Folders, Binders, etc.*
- *Creation of Brief Covers on Cardstock & Binding*
- *Volume Copying*

RECEIVED MAR 2 4 2003

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANK P. RENTERIA
    PLAINTIFF,

    V.
                               CIVIL ACTION NUMBER B-02-229

UNION PACIFIC RAILROAD COMPANY
    DEFENDANTS

NOTICE OF INTENTION TO TAKE
DEPOSITION ON WRITTEN QUESTIONS

TO:    Plaintiff by and through his/her attorney of record:

(281)922-4899
Gregory W. Allen, Esq.
LAW OFFICE OF GREGORY W. ALLEN
12555-A Gulf Freeway
Houston, Texas 77034

PLEASE TAKE NOTICE that after fourteen (14) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of the CUSTODIAN OF RECORDS OR OTHER QUALIFIED WITNESS for:

R03020289      TEXAS DEPARTMENT OF PUBLIC SAFETY
                  Attn: Seargent Garcia
                  CUSTODIAN OF RECORD
                  1630 N. 77 Sunshine Strip
                  Harlingen, Texas 78550
                  the entire contents of your file, including, but not limited to, any and all correspondence, memoranda, reports, notes (investigative or otherwise), written and/or recorded statements, incident reports, dispatch logs, investigative records, court related records in your possession, arrest reports, Fire Marshall reports, third party reports, photographs/videotapes, interviews, opinions, drawings, maps, sketches, schematics, reenactments, incident reconstructions, etc. relating to the individual(s) identified herein, the entire Troopers file **Donny Lopez, Badge No. 10182 regarding the accident pertaining to Frank P. Renteria, social security number 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, date of birth 11/29/54**

before a Notary Public for APEX DOCUMENT MANAGEMENT, P. O. Box 720186, McAllen, Texas 78504 (956) 668-7327 or their designated agent. Which deposition with attached questions may be used in evidence upon the trial of the above styled and numbered cause pending in the above named Court.

Notice is further given that request is here made as authorized under  RULE 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE, to the officer authorized to take this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce for inspection and photocopying those records which are more particularly described above and which are in the possession, custody or control of the said witness, and every such record to which the witness may have access and to turn all such records over to the officer authorized to take this deposition so that photostatic copies may be made of same and attached to said deposition.

                                     Respectfully submitted,

                                       R. Patrick Rodriguez, Esq.
                                       State Bar No. 24002861
                                     Jaime A. Saenz, Esq.
                                     State Bar No. 17514859
                                     RODRIGUEZ, COLVIN & CHANEY, L.L.P.
                                     1201 E. Van Buren
                                     Brownsvile, Texas 78520-
                                     Attorney for the Defense,

CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing Notice of Intention to Take Deposition by Written Questions was delivered to the following via certified mail, return receipt requested, telefax, or messenger.

(281)922-4899
Gregory W. Allen, Esq.
LAW OFFICE OF GREGORY W. ALLEN
12555-A Gulf Freeway
Houston, Texas 77034

Dated: 2/14/2003                    BY: _____

**APEX DOCUMENT MANAGEMENT, INC.**
**P. O. Box 720186**
**McAllen, Texas 78504**
**(956) 668-7327**
**(956) 668-7328 FAX**
Order records @ www.Apexdocument.com

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN ——— DISTRICT OF ——— TEXAS

### BROWNSVILLE DIVISION

FRANK P. RENTERIA

V.

UNION PACIFIC RAILROAD COMPANY

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]

R03020289
Custodian of Police and/or Fire
TEXAS DEPARTMENT OF PUBLIC SAFETY
1630 N. 77 Sunshine Strip
Harlingen, Texas 78550

B-02-229

]: 

] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to stify in the above case.

| ACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in : above case.

| CE OF DEPOSITION | DATE AND TIME |
|---|---|

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the :e, date, and time specified below (list documents or objects):

**A represenative of Apex Document Management, any and all records, documents and/or tangible things identified in the attached Exhibit "A" incorporated herein**

| :E | DATE AND TIME |
|---|---|
| **AT THE OFFICES OF THE SUMMONED WITNESS** | **INSTANTER** |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| IISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more ers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each on designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| IG OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *R. Patrick Rodriguez* | 2/14/2003 |

G OFFICER'S NAME, ADDRESS AND PHONE NUMBER
R. Patrick Rodriguez, Esq., 1201 E. Van Buren, Brownsville, Texas 78520-
(Attorney for Defense)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

ction is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 02/19/03 | Mail |

SERVED ON (PRINT NAME)    Velma D. Cejo

MANNER OF SERVICE

SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___03/3/03___
DATE

_Alma A. Spencer_
SIGNATURE OF SERVER

_501 E. Nolana Ste 10_
ADDRESS OF SERVER

_McAllen, Tx 78504_

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT "A"

## SUBPOENA IN A CIVIL CASE

R03020289   TEXAS DEPARTMENT OF PUBLIC SAFETY
Attn: Seargent Garcia
CUSTODIAN OF RECORD
1630 N. 77 Sunshine Strip
Harlingen, Texas  78550

Produce for inspection and copying the entire contents of your file, including, but not limited to, any and all correspondence, memoranda, reports, notes (investigative or otherwise), written and/or recorded statements, incident reports,  dispatch logs, investigative records, court related records in your possession, arrest reports, Fire Marshall reports, third party reports, photographs/videotapes, interviews, opinions, drawings, maps, sketches, schematics, reenactments, incident reconstructions, etc. relating to the individual(s) identified herein,  the entire Troopers file Donny Lopez, Badge No. 10182 regarding the accident pertaining to Frank P. Renteria, social security number 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, date of birth 11/29/54

IN THE UNITED STATES DISTRICT COU.
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANK P. RENTERIA
    PLAINTIFF ,

V.

UNION PACIFIC RAILROAD
COMPANY
    DEFENDANTS

CIVIL ACTION NUMBER B-02-229

## Direct Questions To Be Propounded To The
## Custodian Of Record Or Other Qualified Witness For
## TEXAS DEPARTMENT OF PUBLIC SAFETY

1.  State your full name, occupation and official title.

ANSWER: _Velma Jo Oseto / Administrative Technician II_

2.  Are you the custodian of Record or other qualified witness for TEXAS DEPARTMENT OF PUBLIC SAFETY?

ANSWER: _YES_

3.  Did you or an authorized representative receive a subpoena to produce for inspection and photocopying   the entire contents of your file, including, but not limited to, any and all correspondence, memoranda, reports, notes (investigative or otherwise), written and/or recorded statements, incident reports,   dispatch logs, investigative records, court related records in your possession, arrest reports, Fire Marshall reports, third party reports, photographs/videotapes, interviews, opinions, drawings, maps, sketches, schematics, reenactments, incident reconstructions, etc. relating to the individual(s) identified herein,  the entire Troopers file **Donny Lopez, Badge No. 10182 regarding the accident pertaining to Frank P. Renteria, social security number 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, date of birth 11/29/54?**

ANSWER: _YES - I HAVE ONLY COPY OF ACCIDENT REPORT AS A FILE OF RECORD_

4.  Please hand to the Notary Public taking your answers to these questions a true, correct and complete copy of the original records   identified in the preceding question pertaining to Frank P. Renteria and confirm that a copy of such original records   has been attached to the deposition at the time it is presented to you for signing.  Have you done so?  If not, why not?

ANSWER: _YES_

5.  As part of your duties as official custodian of records or other qualified witness,  are you among those who have possession, custody, control or access to any and all records of TEXAS DEPARTMENT OF PUBLIC SAFETY?

ANSWER: _YES_

6.  Are the reports of  TEXAS DEPARTMENT OF PUBLIC SAFETY made and kept under your care, supervision, direction, custody and/or control in the regular course of business of TEXAS DEPARTMENT OF PUBLIC SAFETY?

ANSWER: _YES_

7. Is it in the regular course of business of TEXAS DEPARTMENT OF PUBLIC SAFETY for a person with knowledge of the acts, events, status, or transactions recorded to make the records or to transmit information thereof to be included in such records of TEXAS DEPARTMENT OF PUBLIC SAFETY?

ANSWER: _____YES_____

8. Are the memoranda or documents that are transmitted to your files original entries on the part of the Custodian or other employee or member of the staff of TEXAS DEPARTMENT OF PUBLIC SAFETY, he or she being a person with knowledge of the acts, events, status, or transactions therein recorded?

ANSWER: _____YES_____

9. Are the records of TEXAS DEPARTMENT OF PUBLIC SAFETY made at the time of the acts, events, status, or transactions or very soon thereafter?

ANSWER: _____YES_____

10. Are the records of TEXAS DEPARTMENT OF PUBLIC SAFETY kept as described in the preceding questions?

ANSWER: _____YES_____

11. Does the source of the information and the method and circumstances of the preparation of the records of TEXAS DEPARTMENT OF PUBLIC SAFETY establish the trustworthiness of the records?

ANSWER: _____YES_____

12. Are there any other files, documents, or information maintained by you as described in question number 3 above or in the subpoena previously served, in your possession, custody or control that you have not attached to this deposition?

ANSWER: _____No_____

13. If your answer to the above question is YES, please describe each such file, document, or information, its location and your reason for not producing same.

ANSWER: _____N/A_____

_____

_____

14. Are you aware that it may be necessary to subpoena you or your employer to a court at the time of the trial of this case, and/or to appear in person to turn over such documents or for the taking of an oral deposition prior to the time of trial of this case, if you have not provided to the Notary Public taking your deposition, all papers, documents, records, correspondence, or tangible matters of any kind as described in question number 3 above or in the subpoena previously served?

ANSWER: _____YES_____

I, _VELMA Jo OseJ_____, do swear or affirm that my answers to the above questions are the truth, the whole truth, and nothing but the truth, so help me, God.



_____
Signature Of Custodian Of Record Or Other Qualified Witness For TEXAS DEPARTMENT OF PUBLIC SAFETY

I, the undersigned Notary Public in and for the State of **Texas**, do hereby certify that the facts as stated in the caption hereto are true, that the foregoing answers of the witness were the said witness', made before me and were sworn to and subscribed before me by the witness. The records attached hereto are the originals or exact duplicates of the original records.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, on this the _3RD_ day of _March_____,
2003.

_Maria Natividad Fraga_____
Notary Public, State of Texas
My Commission Expires: _8/2/06_____

MARIA NATIVIDAD FRAGA
Notary Public, State of Texas
My Commission Expires
08-02-2006

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANK P. RENTERIA　　　　　　*
　　　　　　　　　　　　　　　*
VS.　　　　　　　　　　　　　*　　CIVIL ACTION NO. B-02-229
　　　　　　　　　　　　　　　*
UNION PACIFIC RAILROAD　　　*
COMPANY　　　　　　　　　　*


## AFFIDAVIT OF DOUGLAS G. WOODS


**STATE OF TEXAS**　　　*
　　　　　　　　　　　*　　KNOW ALL MEN BY THESE PRESENTS
**COUNTY OF HARRIS**　*


BEFORE ME, the undersigned authority, the State of TEXAS, on this day personally appeared DOUGLAS G. WOODS known to me as the person whose name is subscribed to the foregoing Affidavit, and who, being by me first duly sworn, on his oath deposed and stated as follows:

My name is DOUGLAS G. WOODS and I reside in Spring, Harris County, Texas.　I have been employed by Union Pacific Railroad for ＿２３＿ years. My current title is Manager of Industry & Public Projects. At the time of the incident made the basis of this lawsuit, my responsibilities included the supervision and/or coordination of the railroad's portion of State-sponsored, federally-funded projects such as the installation of warning devices at public crossings on the Union Pacific Railroad system for in the geographical area which included the crossing involved in the incident made the basis of this lawsuit. I am over 21 years of age and of sound mind. By virtue of my position at Union Pacific, I had full access to pertinent company records and am personally familiar with the matters stated herein.

I have reviewed information pertaining to DOT 432657W, the crossing involved in the incident made the basis of this lawsuit.

Pursuant to Section 203 of the Federal Aid Highway Act of 1976, all crossbuck-equipped crossings on Missouri Pacific Railroad Company's Texas road crossings received the benefit of federal funds between approximately 1976 and 1980. These funds were expended to either install or upgrade crossing warnings at all

crossbuck-equipped crossings to consist of two (2) reflectorized crossbucks. This project was designed to bring each crossbuck crossing in the state of Texas up to the minimum standard as specified in the Manual on Uniform Traffic Control Devices, Part VIII. As evidenced by Exhibits "A-1", "A-2" and "A-3", copied from Missouri Pacific Railroad Company files under my custody and attached hereto, this work was completed under the Passive Railroad Crossing Protection Program, which was a 100% federally funded project.

Prior to the above-described Passive Railroad Crossing Protection Program, the existing Missouri Pacific Railroad Company engineering standard consisted of the placement of one post-mounted single-faced wooden crossbuck sign on the approach to public crossings. I have examined photographs of crossing DOT 432657W which were taken immediately following the incident made the basis of this lawsuit. My examination reveals that the crossbucks in place on April 24, 2001, the day of the incident made the basis of the above-styled and number cause, are consistent with the crossing protection implemented as a result of the Passive Railroad Crossing Protection Program.

DOT crossing DOT 432657W located in, Cameron County, Texas, is located in Texas State Highway District 21. The contract bid price to implement the above-described upgrade for all applicable Texas crossings in District 21 was **$803,500.20.** Under this program, the Secretary of Transportation determined and approved the type of warning devices to be installed at DOT crossing DOT 432657W, located in Cameron County, Texas, determined the means by which Missouri Pacific participated in that selection and also allocated and expended federal funds for said installation.

The Federal Railway-Highway Crossing Program "FHWA" makes funds available to the State of Texas for "cost of construction of projects for the elimination of hazards of railway-highway crossings." Federal funds participated in the crossing improvement project at the crossing in question. The FHWA funded the crossing improvements at the crossing in question and these improvements were actually installed and operating on April, 24, 2001, the date of the incident made the basis of this lawsuit.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this _____21 ᴿ_____ day of ___AUGUST___, 2003.

_____
DOUGLAS G. WOODS

SUBSCRIBED AND SWORN TO BEFORE ME the undersigned authority, on this the 21st day of August, 2003.

_____
Notary Public, State of Texas
My commission expires: Aug 12 2006

# EXHIBITS "A-1", "A-2" AND "A-3" ATTACHED TO DOUGLAS G.WOOD'S AFFIDAVIT



COMMISSION

REAGAN HOUSTON CHAIRMAN
DEWITT C. GREER
CHARLES E. SIMONS

**STATE DEPARTMENT OF HIGHWAYS
AND PUBLIC TRANSPORTATION**
AUSTIN, TEXAS 78701

ENGINEER DIRECTOR
B. L. DEBERRY

December 21, 1976

SUBJECT:    Placement of Passive Warning Devices on Railway
            Company Property at Public Crossings in Texas

IN REPLY REFER TO
FILE NO D-SRR

Mr. E. T. Franzen, Chief Engineer
Missouri Pacific Railroad Company
210 N. 13th Street
St. Louis, Missouri  63103

Dear Sir:

We are developing a project in cooperation with the Federal Highway
Administration utilizing Safety Funds under Section 203 of the
Federal-Aid Highway Act of 1976 to install passive warning devices
at all public road crossings of all railway lines in the State of
Texas.  This project is designed to bring each crossing up to the
minimum standard as specified in the Manual of Uniform Traffic Con-
trol Devices.

Generally, the work performed on your right of way will be the in-
stallation or upgrading of reflectorized crossbuck and number-of-
track signs and placement of pavement markings and stop lines on the
pavement surface, part of which may be on your right of way.  We
anticipate that this work will be done either with State forces or by
contract in the calendar years 1977 and 1978.  We propose to utilize
all of the existing crossbuck signs and mountings as appropriate.
Where new material is installed the State will salvage and dispose of
the existing signs, without credit to your company.

While these installations will be made without cost to your company,
this letter agreement does require the railroads to maintain the
crossbuck signs (including number-of-track signs) installed under
this work program in accordance with Association of American Railroads and
Manual on Uniform Traffic Control Devices standards.



RECEIVED
DEC 28
ENGINEERING DEPT.

EXHIBIT
"A-I"

Mr. E. T. Hansen                    -2-                   December 21, 1976

Workmen making these installations will be cautioned that your tracks shall not be blocked at any time and advised to use all reasonable care so as not to interfere with your train operations. Our records indicate that you have approximately __3,127__ road crossings on your rail system in the State of Texas. By signing and returning one copy of this letter, you grant your company's permission for the State or its Agent to perform the work herein described as may be necessary to provide a minimum passive warning system at public highway or road crossings on your rail system in Texas. Your early consideration and approval will be appreciated.

Sincerely yours,

B. L. DeBerry
Engineer-Director

By: _____

Wayne Henneberger
Bridge Engineer


Accepted by _____

Title   Chief Engineer - Design & Construction

Railroad Company   Missouri Pacific Railroad Company

MASTER RAILROAD CROSSING PROTECTION PROGRAM

| District | Letting Date | No. of Crossings | | | Complete | Bid Item Contract Price | Avg. $ |
|---|---|---|---|---|---|---|---|
| | | On | Off | Total | | | |
| 17 | Dec 1977 | 83 | 444 | 527 | Yes | $ 295,047.14 | 560.66 |
| 5 | Mar 1978 | 72 | 415 | 487 | Yes | 403,451.24 | 831.19 |
| 15 | Apr 1978 | 130 | 438 | 568 | Yes | 491,811.63 | 865.87 |
| 14 | July 1978 | 137 | 349 | 486 | Yes | 412,945.76 | 849.68 |
| 2 | Aug 1978 | 141 | 635 | 776 | Yes | 725,827.56 | 935.35 |
| 3 | Sept 1978 | 69 | 217 | 285 | Yes | 221,352.31 | 771.76 |
| 18(2) | Sept 1978 | 47 | 260 | 307 | Yes | 237,645.93 | 772.20 |
| 20 | Sept 1978 | 38 | 66 | 104 | Yes | 55,076.65 | 531.43 |
| 13 | Oct 1978 | 113 | 485 | 598 | Yes | 282,285.39 | 517.77 |
| 5 | Nov 1978 | 45 | 157 | 202 | Yes | 166,274.08 | 823.64 |
| 7 | Nov 1978 | 31 | 112 | 143 | Yes | 132,585.40 | 927.17 |
| 21 | Feb 1979 | 229 | 631 | 860 | Yes | 803,500.10 | 934.30 |
| 16 | Mar 1979 | 150 | 398 | 548 | Yes | 363,885.75 | 707.45 |
| 19 | Apr 1979 | 78 | 303 | 381 | Yes | 226,146.09 | 576.51 |
| 8 | Apr 1979 | 96 | 429 | 525 | Yes | 323,663.83 | 617.37 |
| 24 | Apr 1979 | 45 | 201 | 256 | Yes | 241,564.76 | 933.60 |
| 4 | May 1979 | 111 | 529 | 640 | Yes | 391,551.59 | 611.80 |
| 20 | June 1979 | 201 | 446 | 647 | No | 486,335.06 | 710.17 |
| 12(3) | July 1979 | 65 | 319 | 384 | No | 261,586.67 | 681.22 |
| 12(3) | July 1979 | 105 | 267 | 372 | No | 334,885.00 | 900.17 |
| 1 | July 1979 | 55 | 277 | 332 | No | 197,703.50 | 595.51 |
| 23 | July 1979 | 46 | 241 | 287 | No | 156,640.20 | 545.78 |
| 16 | Aug 1979 | 44 | 302 | 346 | Yes | 177,635.09 | 513.40 |
| 1 | Apr 1980 | 117 | 591 | 708 | No | 421,677.62 | 595.59 |
| 10 | Sept 1980 | 85 | 460 | 545 | No | 355,554.00 | 652.66 |
| 18(2) | Oct 1979 | 48 | 303 | 351 | Yes | 265,159.58 | 755.75 |
| 5 | Feb 1980 | 170 | 697 | 867 | No | 641,006.00 | 739.17 |
| and as 16(3) | June 1980 | 165 | 538 | 703 | No | 761,661.96 | |
| and as 10(2)&(3) | July 1980 | 287 | 1,607 | 1,894 | No | 1,157,848.4 | |

| Totals | | | | 3,004 | | | |

EXHIBIT "A-2"



COMMISSION

A. SAM WALDROP, CHAIRMAN
DEWITT C. GREER
RAY A. BARNHART

# STATE DEPARTMENT OF HIGHWAYS
## AND PUBLIC TRANSPORTATION
### Pharr, Texas 78577
### November 17, 1980

ENGINEER DIRECTOR
B. L. DeBERRY

District 21
Placement of Passive Warning Devices on
Railroad Company Property at Public
Crossings in Texas

IN REPLY REFER TO
FILE NO



Mr. S.F. Franzen
Chief Engineer
Missouri Pacific Railroad Co.
210 N. 13th St.
St. Louis, MO 63103

Dear Sir:

All work in connection with the Passive Railroad Crossing Protection
Program in this District was completed as of November 4, 1980.

While these installations were made without cost to your company,
in accordance with our agreement, the railroad company will main-
tain the crossbuck signs and number-of-track signs installed under
this contract agreement.

If we can be of further assistance, please contact us.

Sincerely,

Ross L. Fitzpatrick
District Traffic Engineer

RG:pdr
cc:  D-18TS
     G.J. Camargo

EXHIBIT
"A-3"

# EXHIBIT "C"

LARGe
Photo graphs —
UNABLe TO SCAN

# EXHIBIT "D"

4   42

# BROWNSVILLE SUBDIVISION (0542)

| Mile Post | Rule 6.3 | CP #'s | Radio Display: Bloomington to Brownsville -2020 — SOUTH ▼ STATIONS ▲ NORTH | Sta. #'s | Siding Feet |
|---|---|---|---|---|---|
| 221.0 / 219.1 | CTC | H221 H219 | BLOOMINGTON                BT (3.1) | B 219 | Yard |
| 216.0 | | | BARGE CANAL            (M)D (10.0) | | |
| 206.0 / 204.4 | | H206 H205 | INARI                          ! (12.6) | B 205 | 7667 |
| 193.4 | TWC | | GRETA (12.6) | B 193 | 7252 |
| 180.8 | | | WOODSBORO (18.8) | B 180 | 6392 |
| 162.0 | CTC | J162 | SINTON JCT. (0.8)            (X)UP(A) | B 163 | |
| 161.2 / 159.0 | | J161 J159 | SINTON (4.5) | B 162 | 11004 |
| 156.4 | | J156 | CP J156 (HO) | | |
| 154.6 | | J155 | ODEM                        TY (0.1) | B 155 | Yard |
| 154.5 | TWC | | (X)UP(S) (13.1) | | |
| 141.4 | | | ROBSTOWN JCT. (23.0)            (X)TM(A) | B 141 | 7116 |
| 118.4 | | | KINGSVILLE              BY (20.8) | B 119 | Yard |
| 97.6 | | | SARITA (20.6) | B 098 | 5168 |
| 77.0 | | | ARMSTRONG (9.4) | B 077 | 7456 |
| 67.6 | | | NORIAS (22.7) | B 068 | 4496 |
| 48.1 | | | RAYMONDVILLE (22.5) | B 046 | 5730 |
| 25.6 | | | HARLINGEN              BTY (6.6) | B 025 | Yard |
| 19.0 | | | SAN BENITO (18.3) | B 019 | |
| 0.7 | YL | | BROWNSVILLE            BY (220.3) | B 000 | Yard |

## SI-01 MAIN TRACK AUTHORITY

**CTC Between** MP 221.0 and MP 204.4;
MP 162.0 and MP 154.6.
**TWC Between** MP 204.4 and MP 162.0;
MP 153.0 and MP 6.0.
**Yard Limits Between** MP 154.6 and MP 153.0;
MP 120.0 and MP 114.9;
MP 28.2 and MP 22.2;
MP 6.0 and End of track .

## SI-02 MAXIMUM SPEED TABLE

| Maximum Speed | MPH |
|---|---|
| Between Mileposts | |
| 221.0 and  204.3 | |
| (Except as Below) ....... | 50 |
| 216.0 and  215.3 ........ | 35 |
| Between Mileposts | |
| 204.3 and   0.7 | |
| (Except as Below) ....... | 49 |
| 204.3 and  186.8 ........ | 40 |
| 186.8 and  184.9 ........ | 25 |
| 184.9 and  170.3 ........ | 40 |
| 170.0 and  162.2 ........ | 40 |
| 162.2 and  161.6 ........ | 20 |
| 161.6 and  155.1 ........ | 40 |
| 155.1 and  154.5 ........ | 20 |
| 141.5 and  141.4 ........ | 25 |
| 132.1 and  131.5 ........ | 20+ |
| 125.6 and  124.8 ........ | 15+ |
| 48.0 and  45.4 ........ | 35 |
| 42.2 and  41.4 ........ | 40 |
| 22.1 and  18.0 ........ | 35+ |

## SI-03  OTHER SPEED RESTRICTIONS

| Maximum Speed | MPH |
|---|---|
| 1. Thru Sidings & Turnouts | |
| Inari Siding ........ | 10 |
| 2. Dual Control Switch Turnouts. | |
| CP J155 ........ | 10 |
| 3. Misc. Speed Restrictions (No Exceptions.) | |

## SI-04 MAIN TRACK DESIGNATIONS - None.

## SI-05 MILEPOST EQUATIONS - None.

## SI-06 DTC BLOCK LIMITS - None.

## SI-07 ITEM 13 TRAIN DEFECT DETECTORS

(#) 209.9
(#) 189.7
(#) 178.9
(#) 167.5
(#) 148.5
(#) 134.2

## SI-08 RULES ITEMS - None.

## SI-09 FRA EXCEPTED TRACKS - None.

## SI-10 BUSINESS TRACKS

| Track Name | MP | STA. #'S |
|---|---|---|
| McFaddin S. | 209.4 | B 209 |
| Refugio S. | 186.0 | B 186 |
| Cranell S. | 173.6 | B 174 |
| Corpus Christi Filtration S. | 147.3 | . . . |
| Lon Hill N. | 146.7 | . . . |
| Nueces N. | 138.7 | B 139 |
| Driscoll N. | 132.1 | B 132 |
| Bishop | 124.9 | B 125 |
| Chemcel | 122.8 | B 123 |
| Ricardo | 112.0 | B 112 |
| Lyford S. | 41.4 | B 041 |
| Sebastian N. | 36.9 | . . . |
| Russelltown | 14.1 | B 014 |

# EXHIBIT "E"

```
>>>>>>> STATUS :  ACTIVE   <<<<<<<
                 TRACK BULLETIN FORM A

NO. 86608  ON  BROWNSVILLE (542)                    APRIL  23 2001
TO ALL TRAINS ORIGINATING
AT HDC
-----------------------------------------------------------------------
LINE¦   LIMITS   ¦ ¦ TRACK(S)  ¦   ¦ AT  ¦ FOR ¦  FROM  ¦  UNTI
 NO.¦FROM MP¦ TO MP ¦MPH¦ AFFECTED   ¦FLAGS¦ MP  ¦ DIR ¦DATE ¦TIME¦DATE
¦T
----¦------¦------¦---¦------------¦-----¦------¦-----¦-----¦---¦-----¦-
 1. ¦ 006.00¦ 020.50¦ 25¦MAIN      ¦   ¦    ¦     ¦04/20¦1915¦ / ¦
 2. ¦ 017.00¦ 020.50¦ 15¦MAIN      ¦ NOT ¦    ¦     ¦04/23¦1530¦ / ¦
 3.RULE 31.4.3                    APPLIES TO LINE NO.  2
 4. OK  04/23/01  1538   DISPATCHER: RCG
```

# EXHIBIT "F"

DATA TABLE

| Locomotive | 4582 | | Wheel Size | 43.00 | | | WRE Recorder Data Analysis Software |
| Recorder | 297318 | | Recorder Type | TTX-REC-M6V2 | | | WPN 17561  Version 1.3 |
| Filename | C:\DATAFIFO\up4582.DAT | | | | | | |

| Yr | Time | Distance miles | feet | Speed mph | Load amps | ABK psi | IBK psi | EOT psi | Throttle Notch | DB Level % | Horn 0123456789 | PCS | EIE | TLEM | DOT | Fuel gal | CS CCS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 07:19:34 | 0 | 683 | 0 | 0 | 1 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:33 | 0 | 683 | 0 | 0 | 1 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:32 | 0 | 683 | 0 | 0 | 1 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:31 | 0 | 683 | 0 | 0 | 1 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:30 | 0 | 684 | 0 | 0 | 1 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:29 | 0 | 685 | 3 | 0 | 1 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:28 | 0 | 690 | 5 | 15 | 1 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:27 | 0 | 698 | 7 | 15 | 0 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:26 | 0 | 709 | 9 | 15 | 0 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:25 | 0 | 723 | 11 | 15 | 0 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:24 | 0 | 740 | 13 | 15 | 0 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:23 | 0 | 759 | 14 | 30 | 0 | 0 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:22 | 0 | 780 | 16 | 30 | 0 | 1 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:21 | 0 | 804 | 17 | 30 | 0 | 1 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:20 | 0 | 830 | 19 | 46 | 0 | 1 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:19 | 0 | 858 | 19 | 46 | 0 | 1 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:18 | 0 | 888 | 20 | 46 | 0 | 2 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:17 | 0 | 918 | 21 | 46 | 0 | 2 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:16 | 0 | 950 | 21 | 46 | 0 | 2 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:15 | 0 | 982 | 21 | 92 | 0 | 3 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:14 | 0 | 1014 | 22 | 107 | 0 | 4 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:13 | 0 | 1047 | 23 | 107 | 0 | 17 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:12 | 0 | 1081 | 23 | 168 | 0 | 17 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:11 | 0 | 1115 | 23 | 230 | 0 | 10 | --- | I | 0 | | Open | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:10 | 0 | 1150 | 23 | 230 | 14 | 5 | --- | T3 | 0 | | Closed | Yes | Yes | For | 0 | Error |
| 4/24 | 07:19:09 | 0 | 1185 | 23 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:19:08 | 0 | 1219 | 23 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04 | 07:19:07 | 0 | 1254 | 23 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:19:06 | 0 | 1287 | 23 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:19:05 | 0 | 1322 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 11111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:19:04 | 0 | 1357 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:19:03 | 0 | 1393 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:19:02 | 0 | 1429 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:19:01 | 0 | 1465 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:19:00 | 0 | 1501 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:59 | 0 | 1537 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:58 | 0 | 1573 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:57 | 0 | 1609 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:56 | 0 | 1645 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:55 | 0 | 1681 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:54 | 0 | 1717 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Open | No | No | For | 0 | Error |
| 04/24 | 07:18:53 | 0 | 1752 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111 11 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:52 | 0 | 1788 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 11111    11 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:51 | 0 | 1824 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:50 | 0 | 1860 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:49 | 0 | 1896 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:48 | 0 | 1932 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:47 | 0 | 1968 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 11    11 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:46 | 0 | 2003 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:45 | 0 | 2039 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 11111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:44 | 0 | 2075 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:43 | 0 | 2111 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 11    11 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:42 | 0 | 2147 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:41 | 0 | 2183 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| y | 07:18:40 | 0 | 2218 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:39 | 0 | 2254 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |

## DATA TABLE

Locomotive 4582
Recorder 297318
Filename C:\DATAFIFO\up4582.DAT

Wheel Size 43.00
Recorder Type TTX-REC-M6V2

WRE Recorder Data Analysis Software
WPN 17561  Version 1.3

| Dr | Time | Distance miles | feet | Speed mph | Load amps | ABK psi | IBK psi | EOT psi | Throttle Notch | DB Level % | Horn 0123456789 | PCS | EIE | TLEM | DOT | Fuel gal | CS CCS |
|----|------|------|------|------|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 04. | 07:18:38 | 0 | 2290 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:37 | 0 | 2326 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 11111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:36 | 0 | 2362 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:35 | 0 | 2398 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:34 | 0 | 2433 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 11 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:33 | 0 | 2469 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:32 | 0 | 2505 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:31 | 0 | 2541 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 11111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:30 | 0 | 2577 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:29 | 0 | 2612 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:28 | 0 | 2648 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:27 | 0 | 2684 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:26 | 0 | 2720 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:25 | 0 | 2756 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:24 | 0 | 2791 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:23 | 0 | 2827 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 11111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:22 | 0 | 2863 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 1111111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:21 | 0 | 2899 | 24 | 230 | 90 | 0 | --- | T3 | 0 | 11111111 | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:20 | 0 | 2935 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:19 | 0 | 2970 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |
| 04/24 | 07:18:18 | 0 | 3006 | 24 | 230 | 90 | 0 | --- | T3 | 0 | | Closed | No | No | For | 0 | Error |

TIME SCALE

| | | | | |
|---|---|---|---|---|
| ocomotive | 4582 | Wheel Size | 43.00 | WRE DAS |
| ecorder | 297318 | Recorder Type | TTX-REC-M6V2 | WPN 17561  Version 1.3 |
| lename | C:\DATAFIFO\up4582.DAT | | | |



1-mile markers

peed (mph)

lerter C/O

oad (amps)

Horn

Brakes
ABK (psi) ———
BK (psi) — —
EOT (psi) - - - - -

PCS

E

Throttle

DB Level (%)

DOT

Fuel (gal)

Cab Signal
CCS Cab Signal ———
ATC Cab Signal — — -

ATC Motion

Armed

EOT Emer

Apr 24, 2001  07:15:01                    1 Minute                    Apr 24, 2001  07:21:01

TIME SCALE

| Locomotive | 4582 | Wheel Size | 43.00 | | WRE DAS |
|---|---|---|---|---|---|
| Recorder | 297318 | Recorder Type | TTX-REC-M6V2 | WPN 17561 | Version 1.3 |
| Filename | C:\DATAFIFO\up4582.DAT | | | | |



Apr 24, 2001  06:41:31          10 Minutes          Apr 24, 2001  07:41:31

## TIME SCALE

| Locomotive | 4582 | Wheel Size | 43.00 | | WRE DAS |
| Recorder | 297318 | Recorder Type | TTX-REC-M6V2 | WPN 17561 | Version 1.3 |
| Filename | C:\DATAFIFO\up4582.DAT | | | | |



| | |
|---|---|
| ECT Light | |
| EC. Comm | |
| Alerter C/O | |
| TLEM | |
| Alerter Pen | |
| Alerter Diag | |
| Alerter Disabled | |
| Cab Sig Pen | |

Apr 24, 2001  07:15:01          1 Minute          Apr 24, 2001  07:21:01



TIME SCALE

| Locomotive | 4582 | Wheel Size | 43.00 | | WRE DAS |
| Recorder | 297318 | Recorder Type | TTX-REC-M6V2 | WPN 17561 | Version 1.3 |
| Filename | C:\DATAFIFO\up4582.DAT | | | | |

ECT Light

EC Comm

Alerter C/O

TLEM

Alerter Pen

Alerter Diag

Alerter Disabled

Cab Sig Pen

Apr 24, 2001  06:41:31          10 Minutes          Apr 24, 2001  07:41:31

DATA TABLE

| Locomotive | 4582 | | Wheel Size | 43.00 | WRE Recorder Data Analysis Software |
| Recorder | 297318 | | Recorder Type | TTX-REC-M6V2 | WPN 17561 Version 1.3 |
| Filename | C:\DATAFIFO\up4582.DAT | | | | |

| Date | Time | Distance miles | feet | CS ATC | ATC MOT | Cab Sig Penalty | EOT Armed | EOT Emer | EOT Light | EOT Comm | Alert C/O | Alerter Penalty | Alert Diag | Alerter Disabled |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04 | 07:19:34 | 0 | 683 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:33 | 0 | 683 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:32 | 0 | 683 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:31 | 0 | 683 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:30 | 0 | 684 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:29 | 0 | 685 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:28 | 0 | 690 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:27 | 0 | 698 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:26 | 0 | 709 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:25 | 0 | 723 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:24 | 0 | 740 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:23 | 0 | 759 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:22 | 0 | 780 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:21 | 0 | 804 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:20 | 0 | 830 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:19 | 0 | 858 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:18 | 0 | 888 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:17 | 0 | 918 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:16 | 0 | 950 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:15 | 0 | 982 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:14 | 0 | 1014 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:13 | 0 | 1047 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:12 | 0 | 1081 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:11 | 0 | 1115 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | Yes |
| 04/24 | 07:19:10 | 0 | 1150 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:19:09 | 0 | 1185 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:19:08 | 0 | 1219 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04 | 07:19:07 | 0 | 1254 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:19:06 | 0 | 1287 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:19:05 | 0 | 1322 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:19:04 | 0 | 1357 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:19:03 | 0 | 1393 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:19:02 | 0 | 1429 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:19:01 | 0 | 1465 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:19:00 | 0 | 1501 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:59 | 0 | 1537 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:58 | 0 | 1573 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:57 | 0 | 1609 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:56 | 0 | 1645 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:55 | 0 | 1681 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:54 | 0 | 1717 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:53 | 0 | 1752 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:52 | 0 | 1788 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:51 | 0 | 1824 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:50 | 0 | 1860 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:49 | 0 | 1896 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:48 | 0 | 1932 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:47 | 0 | 1968 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:46 | 0 | 2003 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:45 | 0 | 2039 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:44 | 0 | 2075 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:43 | 0 | 2111 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:42 | 0 | 2147 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:41 | 0 | 2183 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04 | 07:18:40 | 0 | 2218 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:39 | 0 | 2254 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |

DATA TABLE

| Locomotive | 4582 | Wheel Size | 43.00 | WRE Recorder Data Analysis Software |
| Recorder | 297318 | Recorder Type | TTX-REC-M6V2 | WPN 17561  Version 1.3 |
| Filename | C:\DATAFIFO\up4582.DAT | | | |

| Date | Time | Distance miles | feet | CS ATC | ATC MOT | Cab Sig Penalty | EOT Armed | EOT Emer | EOT Light | EOT Comm | Alert C/O | Alerter Penalty | Alert Diag | Alerter Disabled |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04 | 07:18:38 | 0 | 2290 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:37 | 0 | 2326 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:36 | 0 | 2362 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:35 | 0 | 2398 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:34 | 0 | 2433 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:33 | 0 | 2469 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:32 | 0 | 2505 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:31 | 0 | 2541 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:30 | 0 | 2577 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:29 | 0 | 2612 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:28 | 0 | 2648 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:27 | 0 | 2684 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:26 | 0 | 2720 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:25 | 0 | 2756 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:24 | 0 | 2791 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:23 | 0 | 2827 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:22 | 0 | 2863 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:21 | 0 | 2899 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:20 | 0 | 2935 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:19 | 0 | 2970 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |
| 04/24 | 07:18:18 | 0 | 3006 | ARM | No | Yes | --- | --- | --- | --- | No | No | Pass | No |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANK P. RENTERIA | * | |
| | * | |
| VS. | * | **CIVIL ACTION NO. B-02-229** |
| | * | |
| UNION PACIFIC RAILROAD | * | |
| COMPANY | * | |

### AFFIDAVIT OF R. PATRICK RODRIGUEZ

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF CAMERON | § | |

BEFORE ME, the undersigned authority, the State of Texas, on this day personally appeared R. PATRICK RODRIGUEZ, known to me as the person whose name is subscribed to the foregoing Affidavit, and who, being by me first duly sworn, on his oath deposed and stated as follows:

"My name is R. PATRICK RODRIGUEZ. I am over 18 years of age and competent to make this affidavit.

1.  Exhibit "A" is a true and correct copy of the Tx D.P.S. Accident Report

2.  Exhibit "B" is a true and correct copy of the Affidavit of Douglas G. Woods, Manager of Industry and Public Projects for Union Pacific

3.  Exhibit "C" is a true and correct copy of Photographs of Crossbucks and Stop Sign;

4.  Exhibit "D" is a true and correct copy of Union Pacific's Brownsville Subdivision Timetable effective 6/4/00.

5.  Exhibit "E" is a true and correct copy of Union Pacific's Track Bulletin Form A effective beginning on April 23, 2001.

6/  Exhibit "F" is a true and correct copy of the event recorder data downloaded from Union Pacific locomotive no. UP4582.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this _27ᵗʰ_ day of _August_____, 2003.

_____
R. Patrick Rodriguez

SUBSCRIBED AND SWORN TO BEFORE ME by the said R. PATRICK RODRIGUEZ, on this the _27ᵗʰ_ day of _August_____, 2003, to certify which, witness my hand and seal of office.



_____
Notary Public, State of Texas
My Commission Expires: _08-17-2007_

13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANK P. RENTERIA       *
      *
VS.       *     **CIVIL ACTION NO. B-02-229**
      *
UNION PACIFIC RAILROAD       *
COMPANY       *

---

### ORDER GRANTING UNION PACIFIC RAILROAD COMPANY'S MOTION FOR SUMMARY JUDGMENT

---

CAME ON this day Union Pacific Railroad Company's Motion for Summary Judgment, and after considering the parties submissions and the pleadings on file, the Court is of the opinion that said motion should in all respects be GRANTED.

IT IS, THEREFORE, ORDERED that Union Pacific Railroad Company's Motion for Summary Judgment is hereby GRANTED. Accordingly, all of Plaintiff's claims against Union Pacific Railroad Company are hereby DISMISSED WITH PREJUDICE.

SIGNED FOR ENTRY this_____day of_____, 2003.

_____
Judge Presiding

Copies to:
Gregory Allen, 12555-A Gulf Freeway, Houston, TX 77034
Jaime A. Saenz, Rodriguez, Colvin & Chaney, LLP., 1201 E. Van Buren, Brownsville, TX 78520